(No. 16980.—Decree affirmed.)
CATTERINA BENINCA, Appellant, vs. LOUIS NARDIELLO,
Appellee.

*Opinion filed February 18, 1926.*

1. ATTORNEYS AT LAW—*attorney should withdraw as counsel before testifying.* An attorney should withdraw from his position as counsel in a case before testifying in behalf of his client, and, if necessary, should ask the court to grant sufficient time to secure someone to take charge of the case, otherwise but little weight will be given to his testimony.

2. MORTGAGES—*when bill for redemption is properly dismissed.* Where the purchaser under a foreclosure sale at the expiration of the redemption period by written agreement gives an extension of six months' time to the mortgagor, but, the money not being paid within that time, is given a deed and enters into possession, a bill to redeem is properly dismissed in the absence of a showing of a further extension of time; and the testimony of witnesses for the mortgagor that the purchaser promised that after the expiration of said six months he would return the property in case he was paid at any time is not sufficient proof.

APPEAL from the Circuit Court of Winnebago county; the Hon. E. D. REYNOLDS, Judge, presiding.

HALL & DUSHER, for appellant.

FISHER, NORTH, LINSCOTT & GIBBONEY, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed her bill to redeem certain property in the city of Rockford, Illinois, from a foreclosure sale. On a hearing before the chancellor the bill was dismissed for want of equity, and appellant brings the cause here for review.

It appears that a decree for foreclosure and sale was entered against this property in favor of Alfred D'Agostin on January 5, 1923. Appellant and her husband were living in this home when they executed the mortgage foreclosed. The premises were sold on February 2, 1923, to

appellee for the sum of $2050. It appears that after giving the mortgage appellant and her husband, with their children, returned to Italy because of ill-health of the husband, and that he died in Italy before the foreclosure suit was started. Appellant gave to Antonio Gasparini a power of attorney, with authority to take necessary steps to redeem the premises under the foreclosure decree. On January 31, 1924, two days before the twelve months' period for redemption by the mortgagor expired, Gasparini and his wife and appellee and his wife entered into a written agreement under seal concerning the redemption of the property, by which it was provided that if, within six months from the date of the agreement, appellant or Gasparini, her attorney in fact, should pay to appellee the sum of $2050, together with the general taxes for the year 1923 and any special assessments levied against the property or other expenses appellee was required to pay in connection with the purchase of the real estate at the master's sale, together with six per cent interest on the total amount expended by him from the dates of such expenditures, appellee agreed to convey by quit-claim deed to Gasparini all his right, title and interest in the above described real estate, including any possible claim of homestead, and it was agreed that Gasparini and his wife should thereupon convey the real estate to appellant. The agreement recited that the purpose thereof was to save the real estate to Catterina Beninca. Gasparini, after the making of this contract, requested Jasper St. Angel to assist in getting the money to redeem. The money was not paid, and on the 6th day of August, 1924, a master's deed was issued to appellee, who went into possession.

The bill appears to have been filed not on the theory that the money was paid during the six months' period covered by the contract, but that about a week before the expiration of the six months' period St. Angel and Gasparini met at the office of appellee's counsel and appellee agreed to make

a deed to appellant when she came for it and paid the amount that he had put in, with interest thereon. For appellant, St. Angel testified that he, with Gasparini, met appellee at the office of Robert M. Gibboney, his counsel, about a week before the expiration of the contract; that he told appellee that Mrs. Beninca could not come from Italy on account of emigration difficulties and requested him to make a deed, to which he replied that he would not give St. Angel or Gasparini a deed but that at any time Mrs. Beninca came to this country he would give her a deed, provided she would give him all the money he had spent and interest thereon; that he seemed to fear that St. Angel and Gasparini were trying to get the property for themselves. St. Angel also testified that at that time he had made arrangements for a loan on the property to pay all that was due appellee. He testified on cross-examination that he told appellee, "If you give a deed I will get the money;" that he did not tender any money to appellee, but that he told him that if he would give him a deed he would get it.

Gasparini testified that in the evening of the day on which the contract was made, he, with someone whose name he does not give, went to appellee to see if he would give him (Gasparini) a deed, and that appellee told him he would not give the deed to anybody but Mrs. Beninca. He was asked if he at any other time went to Gibboney's office to talk with appellee, and he stated that he did not; that he was there only at that time; that they did not give appellee any money but offered to get the money if he would give the deed. He testified that he wrote appellant about the agreement and that the money had to be paid in six months. He also stated that he had asked appellee at different times for a deed; that he had a talk with him after Mrs. Beninca had returned to this country, and appellee told him that he could not give the property back then, as he had fixed it up, and it would cost appellant $5000 or $6000.

The testimony of several witnesses was introduced to show that subsequent to the time of the running of the contract, and after appellee received a deed and had gone into possession, he stated to such witnesses that when Mrs. Beninca came back from the old country he would give her back the property after she paid him what he had put in it.

Appellee took the stand and denied that there was any conversation between him and St. Angel or Gasparini, during the running of the six months, in which he refused to issue a deed to Gasparini; that he had no meeting with these men in Gibboney's office, and that there had been no agreement of any character on his part to extend the time beyond the six months. He testified that he had made the contract in the first place for the purpose of giving Mrs. Beninca an additional six months in which to redeem the property; that he did not take a deed until August 6, 1924, after which time he made improvements on the property.

Robert M. Gibboney, who was conducting the case before the court on behalf of appellee, testified in the cause without withdrawing from the case. His testimony corroborated that of appellee as to whether there was a meeting in his office a week or two before the expiration of the contract, as had been testified to by St. Angel. Counsel for appellant urge that Gibboney's testimony is worthy of but little weight. Gibboney was in actual charge of the case before the court and conducted the case both before and after his testimony as a witness, appearing throughout the litigation in the trial court and here. He seeks to justify his doing so on the ground that he had no one to help him try the case and felt it was necessary to the interest of his client that he testify. It is to be presumed that no counsel would testify if he did not think it to his client's interest that he do so, and this afforded no justification for his indulging in a practice so many times condemned by this court. It appears from the briefs filed that there are at least four members of the firm of attorneys of which

he is one, and the record does not show any attempt on his part to secure the assistance of anybody else in the trial of the case, or a request on his part that the court grant sufficient time to secure someone to take charge of the case in order that he might withdraw from it before testifying, as he should have done. This court has held that little weight is to be given to the testimony of an attorney who takes the stand under such circumstances. *Wiederhold* v. *Wiederhold,* 305 Ill. 429; *Eshelman* v. *Rawalt,* 298 id. 192; *Wright* v. *Buchanan,* 287 id. 468; *Ravenscroft* v. *Stull,* 280 id. 406.

Without considering Gibboney's testimony, however, we are of the opinion that appellant has not shown that she is entitled to the relief sought. While St. Angel testifies to a meeting and an agreement on the part of appellee to extend the time in which appellant could redeem the property in question, he is not corroborated by any other witness as to such meeting. Gasparini, who has shown himself much interested in appellant's endeavor to secure the return of this property, does not corroborate St. Angel in his testimony in this regard. He places his conversation with appellee on the evening of the day in which the contract was signed, which affects the probability of his story; and in answer to the specific question whether he and St. Angel at any other time went to Gibboney's office to have a talk with appellee, he replied, "Not after that; only at that time,"— referring to the evening of the day on which the contract was made. Moreover, there was no offer on the part of either St. Angel or Gasparini to pay this money to appellee or any part of it. They asked that he make a deed and that they would get the money; that they had to have the deed in order to make the mortgage. While transactions of this character are frequently all done at the same time, there is no evidence in the record that the parties proposed that it be so done here. Appellee was not required, under his contract, to execute a deed till he received the consider-

ation therefor.  The chancellor was justified in finding that there was not, within the time of the contract, an offer to pay this money for the purpose of redemption, and we are of the opinion that the record does not show that appellee agreed to extend the time for redemption beyond the six months' period.  It is regrettable that this unfortunate woman is not brought within the rules of law giving her a right to redeem the property at this time.  The fact that appellee extended the time for six months in order to give her an opportunity to redeem does not, of course, require him to permit redemption after the expiration of the six months, in the absence of proof clearly showing a further extension of time.  The required proof is not in this record.

The chancellor did not err in dismissing the bill, and the decree will be affirmed.

*Decree affirmed.*