### Guaranty Mortgage and Security Company et al., Appellants, v. City of Chicago, Appellee.

### Gen. No. 43,609.

Opinion filed March 11, 1946. Released for publication March 25, 1946.

G. A. BURESH, of Chicago, for appellants.

BARNET HODES, Corporation Counsel, for appellee; J. HERZL SEGAL, Head of Appeals and Review Division, and SYDNEY R. DREBIN, Assistant Corporation Counsel, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiffs appeal from an order dismissing their amended complaint because the alleged causes of action charged in the respective counts were barred by the statute of limitations.

May 26, 1936, plaintiffs instituted an action to recover what was alleged to be the balance of the principal and accrued interest on several judgments in favor of the respective plaintiffs entered July 26, 1927, for compensation awarded for land of the respective plaintiffs condemned on petition of defendant. The claim of each plaintiff was stated in substan-

tially identical terms in a separate count of the complaint. Two of the counts were dismissed on plaintiffs' motion. Defendant filed a motion under section 48 of the Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 172; Jones Ill. Stats. Ann. 104.048] to dismiss the remaining counts "for that said purported causes of action did not accrue to the plaintiffs within the time limited by law for the commencement of said suit," and filed in support of its motion an affidavit of an employee of the Board of Local Improvements of the City of Chicago, and, as exhibits thereto, photostatic copies of canceled checks and vouchers showing that, as to six of the plaintiffs, partial payments were made on account of compensation awarded for the land of the respective plaintiffs condemned, not later than October 10, 1928, and a further payment not later than November 19, 1930, "for balance of compensation awarded that part of (legal description of land), being in full payment for said condemned land and in full of all claims for damages to same by reason of said proceedings,"—the two payments to each plaintiff aggregating the full compensation awarded in the judgment rendered in favor of the respective plaintiffs. Each voucher bore an indorsement on the back— "Received of the City of Chicago full payment of the within account," and was signed by the respective plaintiffs. But one payment (October 10, 1930) was made on the judgment in favor of the seventh plaintiff, the voucher therefor and the indorsement thereon signed by that plaintiff being identical in form with the final vouchers and indorsements thereon used in payments to the other plaintiffs.

In opposition to defendant's motion to dismiss, plaintiffs filed the affidavit of their attorney of record. The theory of the plaintiffs' claim is set forth in this affidavit, which states that when the first payments were made on the judgments entered in favor of the respective plaintiffs there was due and owing on each

of the judgments, as principal, an amount greater than the payments made by defendant; that defendant was in duty bound to pay the amount due on said judgments, together with the amount of interest that had accrued thereon, and the respective plaintiffs were in duty bound to accept the payment; "that defendant had not the legal right to direct the application of the payments to any part or portion of said respective judgments, and did not direct the application thereof"; that under the law partial payments should first be applied to extinguish the interest, calculated to the date of the partial payment, and the balance applied to reduce the principal; that the respective plaintiffs did in each instance make the application of the partial payments first to extinguish the interest then due on the respective judgments, and the balance to the reduction of the principal of said judgments, leaving due and owing on the respective judgments a balance on the principal of said judgments, of which the defendant had notice; that there remained due and owing from the defendant to the respective plaintiffs, on the principal of said respective judgments, at the date of the last respective payments, in each instance a much larger amount than the sum of the last payments, and in addition thereto, the interest on said principal from the date of said first payments thereon; that no consideration was given or paid for the application of the last partial payments in any other manner than as provided by law, and for the release of the balance then due and owing upon the respective judgments, and the interest accrued thereon; that the respective plaintiffs, in accepting the amounts so paid upon the respective judgments, relied on the rule of law that an acceptance by the creditor from the debtor of a less sum than the amount due, in full satisfaction of the debt, is a discharge only of so much of the debt as is equal in amount to the sum received, unless there is a release under seal; that no release under seal was given by

any or either of the plaintiffs for the extinguishment of the amount due and owing by the payment in each instance of a lesser sum of money than due and owing upon said respective judgments. On hearing, based on these affidavits, the court entered the order appealed from dismissing the amended complaint.

Plaintiffs contend that on the hearing of defendant's motion the court was obliged to accept plaintiffs' statement in the complaint that their respective claims were for unpaid principal and accrued interest on the respective judgments, and the court could not determine, upon the affidavits filed, the disputed question of fact whether plaintiffs' claim was for unpaid principal of the judgments and accrued interest, as alleged in the complaint, governed by the 20 years statute of limitation, or, as contended by defendant, plaintiffs' claim was for interest on the respective judgments and subject to the 5 years statute of limitation, which commenced to run on the date of the last payment made on the respective judgments. Plaintiffs cite in support of their contention, *Diversey Liquidating Corp. v. Neunkirchen*, 370 Ill. 523, 529–530, and *Hansen v. Raleigh*, 391 Ill. 536, 548–550. The *Diversey Liquidating Corp.* case holds as invalid a rule of the Municipal Court of Chicago which permitted the court to determine from affidavits the truth or falsity of defendant's affidavit of merits and to strike such affidavit and enter judgment of default against the defendant if the court should find the affidavit of merits to be untrue and the defense not made in good faith. The *Hansen* case holds that only the grounds enumerated in section 48 of the Civil Practice Act may be made the basis of a motion under that section to dismiss a complaint. The bar of the statute of limitations to a plaintiff's claim is one of the defenses which may be raised under section 48. By that section the defendant may, when the alleged defect in plaintiff's claim exists but does not appear upon the face of the

record, file an affidavit in support of his motion. Subparagraph 3 of the section provides that "If, upon the hearing of such motion, the opposite party shall present affidavits or other proof denying the facts alleged or establishing facts obviating the objection, the court may hear and determine the same and may grant or deny the motion; but if disputed questions of fact are involved the court may deny the motion without prejudice and shall so deny it if the action is one at law and the opposite party demands that the issue be submitted to a jury." These provisions for submissions of disputed questions of fact to a jury and for the consideration of other proof than the affidavits, take this section of the statute out of the rule announced in the *Diversey Liquidating Corp.* case holding the rule of the Municipal Court to be void. Plaintiffs having failed to demand the submission of any question of fact to a jury, or to offer or request any other proof, cannot now object to the determination of the motion upon the affidavits of the respective parties.

■ ■ The trial court, being authorized to determine on motion whether or not plaintiffs' claims were barred by the statute of limitations, has the right to determine all facts necessary for such determination, even though it requires a finding that the claim of the plaintiffs is different from that stated in the complaint. The affidavit of plaintiffs' attorney does not appear to be based upon facts within personal knowledge of the attorney. He does not state that he represented any of the plaintiffs prior to the institution of this action. Furthermore, the affidavit goes directly to the merits of plaintiffs' claim, and is not unlike testimony of an attorney of record in behalf of his client, which is severely condemned. *Beninca v. Nardiello,* 320 Ill. 181; *Crescio v. Crescio,* 365 Ill. 393. Moreover, there is no statement of fact in the affidavit as to how or in what manner the defendant had notice of the alleged application of the payments received by the respective

plaintiffs first to accrued interest and then to the unpaid balance due on the judgments. The acceptance and indorsements of the checks, and the signing of receipts indorsed on the vouchers, are not denied. The effect of such action by the plaintiffs has been held to amount to an acceptance of the money received in full payment of the compensation awarded in the condemnation proceeding, leaving the question of interest on the judgment, which is created by the statute and is not a part of the judgment, undisposed of. *Cohen v. City of Chicago*, 377 Ill. 221, 235–236; *Chapralis v. City of Chicago*, 326 Ill. App. 554; *Trust Co. of Chicago v. City of Chicago*, 327 Ill. App. 222. Each plaintiff having received the full amount of compensation awarded him by the judgment for his property taken, and his claim or right to interest being unimpaired, there is no basis for plaintiffs' argument relative to want of consideration for the acceptance of a lesser sum than was due and owing at the time of the receipt of payment. By accepting payment of compensation awarded as tendered by defendant, without the payment of interest accruing to the date of such payment, plaintiffs waived any right they might have had to insist upon payment of interest before payment of principal. We have been referred to no authority, and we know of no rule of public policy which denies to plaintiffs the right to make such waiver.

The principal of the judgment having been satisfied, nothing remained except plaintiffs' claim for accrued interest, action for which should have been instituted within 5 years from the final payment of the compensation award. *Blakeslee's Storage Warehouses v. City of Chicago*, 369 Ill. 480. Plaintiffs failed to bring action within that time.

The judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.