461 P.2d 190

**TRANSPORTATION INSURANCE COMPANY, a division of Continental National American Group, a corporation, Appellant,**

**v.**

**Gordon WADE, Administrator of the Estate of Leonard Maurice Aubuchon, deceased, Appellee.**

**No. 2 CA–CIV 694.**

Court of Appeals of Arizona.

Division 2.

Nov. 19, 1969.

Review Granted Feb. 3, 1970.

Chandler, Tullar, Udall & Richmond, Tucson, for appellant.

David S. Wine, Tucson, for appellee.

HATHAWAY, Judge.

This appeal arises from an action for a declaratory judgment which was submitted upon stipulated facts.

Plaintiff's decedent was a passenger in a vehicle owned by him and driven by his brother, Norman Aubuchon. This vehicle was struck by an uninsured motorist, whose sole negligence caused plaintiff's decedent's death. At the time of the accident the decedent had insurance with Farmer's Insurance Exchange, providing uninsured motorist coverage up to $10,000, and plaintiff has been paid the maximum amount under this policy. Damages to plaintiff as a result of the accident exceed $10,000.

Norman Aubuchon also had a policy in force at the time of the accident which provided uninsured motorist coverage. The plaintiff's claim is against this policy. The defendant, Transportation Insurance Company, has refused to pay the claim by virtue of the provisions under Part IV of the policy. The plaintiff is considered an insured under Part IV.

That section of Part IV which we are concerned with provides:

"OTHER INSURANCE—With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Our question is, Does this policy provision conflict with the public policy of the State of Arizona to extend the fullest benefits of insurance coverage to accident victims under A.R.S. § 20–259.01?

Arizona's public policy on the subject is amply expressed in Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145 (1963); Carpenter v. Superior Court, 101 Ariz. 565, 422 P.2d 129 (1966); and Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967). In speaking of these cases we stated in Geyer v. Reserve Insurance Company, 8 Ariz.App. 464, 447 P.2d 556 (1968): "They indicate to us that Arizona will be nowhere but in the forefront of jurisdictions in making available to automobile accident victims the fullest

**16**

benefits of insurance coverage." 447 P.2d at 559.

Does such a public policy expressed in our uninsured motorist statute and case law prohibit the exclusion of uninsured motorist coverage when another insurer provides this coverage? We believe that it does. The case of Geyer v. Reserve Insurance Company, supra, fortifies our belief in this regard.

In that case the court considered the Arizona uninsured motorist statute and a policy provision which provided that an insured could not recover under the uninsured motorist coverage if he recovered under the liability coverage. The court struck down this provision saying that the prescribed minimum limits of uninsured motorist insurance cannot be reduced by offsetting policy provisions.

In this case the policy provision seeks not to offset liability coverage against uninsured motorist coverage as in *Geyer,* but is seeking to offset uninsured motorist coverage against uninsured motorist coverage. In each situation however, it is the uninsured motorist coverage that the company is attempting to reduce or deny.

The Transportation Insurance Company states that the purpose of A.R.S. § 20–259.01 was to provide only a minimum amount of uninsured motorist protection, and since the plaintiff has received this minimum from Farmer's Insurance Exchange, recovery should be denied here. It is our opinion that Arizona's uninsured motorist statute is designed to protect the insured as to his actual loss within such

limits and his recovery should not extend past his actual loss. However, our statute does not limit an insured to only one $10,000 recovery where his loss exceeds that amount and he is a beneficiary of more than one policy issued under A.R.S. § 20–259.01. While a minimum amount is set by the statute, nowhere does the act place a limit on the total amount of recovery.

Liability limiting clauses have been considered and rejected in Oregon, Virginia, Florida, North Carolina, and Pennsylvania.[1] While other jurisdictions have come to a contrary solution, we believe the reasoning of those courts rejecting such limitations is more in line with the policy and purpose of Arizona's uninsured motorist statute.

The judgment below is affirmed, with recovery to be given to the plaintiff in the amount of his unreimbursed actual loss, if any, after deducting from such amount the sum of $10,000 he has received from Farmer's Insurance Exchange, within the $10,-000 limit of the policy issued by Transportation Insurance Company.

KRUCKER, C. J., and JOHN A. McGUIRE, Judge of the Superior Court, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.

1. Smith v. Pacific Automobile Insurance Co., 240 Or. 167, 400 P.2d 512 (1965); Bryant v. State Farm Mutual Automobile Insurance Co., 205 Va. 897, 140 S.E.2d 817 (1965); Sellers v. United States Fidelity & Guaranty Co. (Fla.1966), 185 So.2d 689; Moore v. Hartford Fire Insurance Company Group, 270 N.C. 532, 155 S.E.2d 128 (1967); and Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389, 241 A.2d 112 (1968).