465 P.2d 377

Phyllis J. HARSHA, Guardian of the Estate of James Howard Harsha, a minor, Appellant,

v.

FIDELITY GENERAL INSURANCE COMPANY, an Illinois corporation, Appellee.

No. 1 CA–CIV 1119.

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 24, 1970.

Rehearing Denied March 13, 1970.

Review Denied April 28, 1970.

Divelbiss & Gage, by G. David Gage, Phoenix, for appellant.

Jennings, Strouss & Salmon, by W. Michael Flood, Phoenix, for appellee.

HAIRE, Judge.

█ The question before us is whether our uninsured motorist statute[1] requires that uninsured motorist coverage be made available to compensate an injured person for the difference between the automotive tort-feasor's valid and collectible automobile liability insurance coverage and the amount of damages actually incurred by the injured person. We have little difficulty in concluding that the question must be answered in the negative.

Taking as true the facts alleged by the plaintiff-appellant, her minor son (and ward) was seriously injured in an automobile collision caused by the negligence of one Leffard. Leffard had automobile liability insurance coverage in the amount of $10,000.00 applicable to injuries to one person, the minimum amount required by the terms of A.R.S. Sec. 28–1142, subsec. C. Pursuant to a settlement reached between them, which took into account various prospective expenses and other factors irrelevant here. Leffard's insurer paid to appellant the sum of $9,500.00 in discharge of its liability under the policy. Appellant then commenced the present action against her own automobile liability insurer, the appellee here. Although the policy issued

by appellee to appellant is not attached to appellant's complaint, it is alleged that the policy provided the statutorily required-unless-rejected uninsured motorist coverage to both herself and to her injured son, who was an additional named insured under the policy. Appellant alleged that her son's injuries damaged him to the extent of $50,000, and prayed for judgment against appellee in the amount of $10,000.00, the limit of the alleged uninsured motorist coverage.

On motion of the appellee, the trial judge dismissed the complaint for failure to state a claim upon which relief could be granted, and appellant brings this appeal.

There is no contention by appellant that the policy issued by appellee affords uninsured motorist coverage which in any way goes beyond that required by the uninsured motorist statute, A.R.S. Sec. 20–259.01. Appellant's sole contention is that even though an owner or operator of a motor vehicle has the statutorily required amount of liability insurance, his vehicle is an "uninsured motor vehicle" within the meaning of that term as used in A.R.S. Sec. 20–259.01 to the extent that an injured person's damages exceed the tort-feasor's liability coverage.

█ Our Supreme Court has on many occasions expounded upon the remedial purposes of the Safety Responsibility Act. *See* New York Underwriters Insurance Co. v. Superior Court, 104 Ariz. 544, 456 P.2d 914 (1969), and cases cited therein. This

1. "Sec. 20–259.01. Coverage to include protection from operators of *uninsured motor vehicles;* right of rejection; supplemental or renewal policy

"On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28–1142,

under provisions filed with and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of *uninsured motor vehicles* because of bodily injury, sickness or disease, including death, resulting therefrom. This coverage shall at the time the policy is issued be called to the attention of the named insured who shall have the right to reject such coverage. Unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer." (Emphasis supplied.)

court, consonant with the spirit of these decisions, has indicated that the provisions of the complimentary uninsured motorist statute are to be liberally construed. See especially, Geyer v. Reserve Insurance Co., 8 Ariz.App. 464, 447 P.2d 556 (1968), and Transportation Insurance Co. v. Wade, 11 Ariz.App. 14, 461 P.2d 190 (1969); and see also Reserve Insurance Co. v. Staats, 9 Ariz.App. 410, 453 P.2d 239 (1969); and Maryland Casualty Co. v. Wilson, 6 Ariz. App. 470, 433 P.2d 650 (1967).

Appellant leans heavily on this canon of liberal construction and argues that A.R. S. Sec. 20–259.01 (quoted *supra*, footnote 1) is ambiguous in that it does not define the term "uninsured motor vehicles" used therein. Appellant then points to cases holding automotive tort-feasors "uninsured" to the extent that the limits of their liability insurance were below the minimum required by various state financial responsibility statutes. See cases in Annot., 26 A. L.R.3d 883, 894–96 (1969). She then uses these authorities as a jumping-off point for an argument that the word "uninsured" in A.R.S. Sec. 20–259.01 should be construed as a relative, inconstant term which has as its determinative factor the amount of damage sustained in any particular automobile accident.

■ We disagree. Preliminarily we note that our concern is not with what a popular or moral notion of "financial responsibility" might or might not require in any particular situation, but with the intent of the legislature in enacting A.R.S. Sec. 20–259.01. While some states have in recent years elaborated somewhat upon the definition of an "uninsured" motor vehicle, see A. I. Widiss, Perspectives on Uninsured Motorist Coverage, 62 Northwestern U.L. Rev. 497, 513 (1967), the word "uninsured" means, literally, "not insured". Webster's Third New International Dictionary (1965). We see no ambiguity and we think it clear that when the legislature enacted A.R.S. Sec. 20–259.01, it was concerned with the problem created by the negligent driver who had no insurance at all. The reference in the statute to the minimum limits of liability insurance required by A. R.S. Sec. 28–1142, subsec. C indicates the complimentary character of the legislation vis-a-vis the financial responsibility statutes and furnishes a concisely ascertainable standard for determining insured or uninsured status. The fact that other courts have harmonized the two types of legislation and held a tort-feasor "uninsured" to the extent that his liability coverage is under their financial responsibility act limits only reinforces the conclusion that the coverage requirements therein are the pertinent and only criteria. If our legislature had intended to create a sliding-scale, after-the-fact, severity-of-injury-determined concept of when a motor vehicle was or was not insured and to what extent, it would have expressed itself in appropriate language.

In the only two cases which we have found where a contention similar to appellant's has been advanced, it has been rejected. See Detrick v. Aetna Casualty and Surety Co., Iowa, 158 N.W.2d 99 (1968), and Smiley v. Estate of Toney, 100 Ill. App.2d 271, 241 N.E.2d 116 (1968). It is noteworthy that in both of these cases, the limits of the uninsured motorist coverage which was held to be unavailable to the injured parties exceeded the limits of the tort-feasor's liability coverage. As noted in the Detrick opinion, cases involving policy provisions aimed at reducing or eliminating the statutorily mandated uninsured motorist coverage under certain circumstances are inapposite. *Cf.* Geyer v. Reserve Insurance Co., *supra*, and Transportation Insurance Co. v. Wade, *supra*. We see nothing to be gained by distinguishing the various other authorities cited by appellant.

The judgment of the trial court is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.