AMERICAN MUTUAL INSURANCE COMPANY, Appellant,

v.

Charles A. ROMERO, Jr. and Cecil Corcoran, Appellees.

No. 670–69.

United States Court of Appeals, Tenth Circuit.

July 16, 1970.

Bruce D. Hall, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, and James C. Ritchie, Albuquerque, N. M., with him on the brief), for appellant.

Edward T. Curran, Albuquerque, N. M. (Menig & Sager, Albuquerque, N. M., with him on the brief), for appellee Romero.

Before LEWIS, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant insurance company has taken an appeal in a declaratory judgment proceeding commenced by it against its insured, Mr. Charles A. Romero, Jr., and Mr. Cecil Corcoran. The trial court held in favor of the insured on an issue of coverage of an uninsured motorist clause contained in the policy and under the New Mexico statutes pertaining to such insurance.

The record shows that the declaratory judgment defendant Romero was a passenger in a car driven by Miss Sally Summers and was seriously injured in a collision between the car in which he was riding and one driven by Corcoran. Romero brought a suit against Miss Summers in the State court and the action was settled before trial by payment to him of the sum of $25,000 by the insurer of Summers. Romero also was paid some medical benefits under his policy issued by the appellant, American Mutual Insurance Company. He sought under the uninsured motorist clause of this policy to have the liability of Corcoran as an uninsured motorist arbitrated.

American then filed this declaratory judgment action, asserting among other points that the payment to Romero by Summers' insurer eliminated its liability under the uninsured motorist clause in the policy it issued to Romero. This assertion was based upon a provision in the policy which provided in effect that payment for the loss received by the insured from other sources should be applied against the amount to be paid under the uninsured motorist coverage. The uninsured motorist coverage in the policy in issue is $20,000 for each accident which is the minimum permitted by statute.

Romero asserted in the trial court that Summers and Corcoran were joint tortfeasors, one of whom was insured and the other was not, and that the uninsured motorist clause in the American policy which Romero had received was available to the extent of its stated coverage to reimburse him for his loss.

As indicated above, the trial court held that the uninsured motorist clause should be applied to the full extent of its coverage and there would not be deducted therefrom amounts theretofore received by the insured regardless of the wording of the policy.

On this appeal the appellant does not challenge any findings made by the trial court and the sole question is presented as to whether or not the policy provisions are contrary to the New Mexico statutes relating to uninsured motorists. There are no New Mexico decisions construing these statutes, and the trial court considered the issue in the light of comparable statutes and decisions from other States.

It should be pointed out at the outset that this action was commenced at a time when the liability of Corcoran had not yet been determined, nor had the extent of damages of Romero been determined. The record does not indicate that at the time the suit was commenced that any proceedings had been brought by Romero against Corcoran. It is assumed by the parties that Corcoran was an "uninsured motorist" as defined in the State statutes.

The policy provision which is in issue reads as follows:

"Any amount payable under the Uninsured Motorists Coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by

(1) all sums paid on account of such bodily injury by or on behalf of

(i) the owner or operator of the uninsured highway vehicle and

(ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury, including all sums paid under the Liability Coverages of the policy, and * * *."

This above policy provision must be considered with the New Mexico statutes relating to uninsured motorists and any insurance relating thereto. This statutory provision is as follows, N.M.Stat. Ann.1953, § 64–24–105, for uninsured coverage:

"On and after January 1, 1968, no motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person, * * * shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death, and for injury to or destruction of property as set forth in section 64–24–79 New Mexico Statutes Annotated, 1953 Compilation, according to rules and regulations promulgated by, and under provisions filed with and approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, and for injury to or destruction of property resulting therefrom. * * *"

The statute in section 64–24–79 referred to above provides a minimum coverage of $10,000 for any one person and $20,000 for any one accident. This statutory requirement must be set against the policy provision hereinabove quoted.

We agree with the disposition of the case made by the trial court and hold that the policy provision is contrary to the statutory requirement for a stated minimum coverage.

As the issue is presented to us on appeal, the insurance company seeks to reduce its uninsured motorist coverage in the policy issued to Romero. The appellant so asserts in its brief. This follows from the fact that it has not been established that there is another tortfeasor, nor that Romero is injured in an amount in excess of the sum he has heretofore received.

The insurance company urges that under the unambiguous policy provision above quoted, its coverage for losses caused by an uninsured motorist is reduced to zero by reason of the receipt by Romero of the settlement with the driver of the automobile in which he was riding. This application of the policy provision as a dollar for dollar reduction in the coverage under the uninsured motorist clause results in a direct reduction in its coverage below the minimum provided by statute and is thus invalid.

The appellant argues that the provision is not so contrary to the statute because the New Mexico statutes permit the proration of losses between several carriers. (N.M.Stat.Ann.1953, § 64–24–87). The statutes do so recognize proration among insurance carriers to contribute to an indemnification of an insured when two or more motor vehicle liability policies are applicable. This is a common solution in the absence of statutes and policy provisions. It is a reasonable one whereby the total indemnity of the insured is provided for, and the burden thereof distributed among the insurance carriers. The doctrine starts with the proposition that the insured is entitled to be indemnified for

his total losses as may be determined under the applicable policy or policies within their coverage.

The matter of proration as used in the New Mexico statutes was discussed in State Farm Mutual Auto. Ins. Co. v. Foundation Reserve Ins. Co., 78 N.M. 359, 431 P.2d 737, by the New Mexico Supreme Court. The possibility of or application of proration among several policies is not contrary to the statutory provisions for minimum coverage which we are considering. It is quite a different matter from the policy provision for a dollar for dollar reduction of coverage which is contained in the policy herein considered. It is apparent that in a situation where a proration becomes necessary, a particular insurer may not have to pay either the total amount of the loss nor the total amount of his policy coverage, but the insured is nevertheless made whole and this in no way is contrary to any minimum coverage requirements. As contrasted to proration, the appellant herein seeks to directly reduce the amount of its minimum statutory coverage by a reduction in such coverage to the exact amount that the insured may have received from other sources. This is not permitted under the statute, and cannot be justified by the existence of or application of the doctrine of proration. The minimum cannot be invaded by the direct deduction from it of reimbursement to the insured from the insured Summers. The minimum is not reduced as coverage within the purpose of the statute when proration is applied.

Uninsured motorist statutes, that is, statutes directing that automobile liability policies include coverage for damages caused by uninsured motorists, unless rejected by the insured, are intended to eliminate the all too frequent circumstance where the actual indemnification of an innocent person involved in an automobile accident depends on the chance whether the negligent party was insured or not. It is thus an attempt to provide coverage in the insured's own policy where it does not exist on the other side, thus to have insurance coverage available in all events. The construction of policy and statutory provisions takes into consideration the purpose of the statutes and the protection of required minimum coverage.

The court in White v. Nationwide Mutual Ins. Co., 361 F.2d 785 (4th Cir.), considered the Virginia statute which required a minimum uninsured motorist coverage of $15,000. The court held that a policy provision was void which required a dollar for dollar reduction of the amount to be paid the insured by amounts otherwise received on behalf of the negligent party. This was a provision similar to the one here concerned and the court concluded to hold otherwise would reduce the statutory minimum coverage. The Virginia statute was different in some respects but not materially.

The Arizona court in Geyer v. Reserve Ins. Co., 8 Ariz.App. 464, 447 P.2d 556, a declaratory judgment action, considered the relationship of two coverages in the same policy to a reduction clause similar in effect to the one in this American policy. The court held that a reduction in the statutory minimun uninsured motorist coverage could not result from the policy provision. Thus the total of the two coverages was applied. The court refers to and discusses the cases from Florida, Oregon, Nebraska, and California, and refuses to apply offsetting policy provisions which reduce the statutory minimum. See also Transportation Ins. Co. v. Wade, 11 Ariz.App. 14, 461 P.2d 190, and Sellers v. United States Fidelity & Guaranty Co., 185 So. 2d 689 (Fla.).

Both parties cite and discuss Bryant v. State Farm Mutual Auto. Ins. Co., 205 Va. 897, 140 S.E.2d 817, a Virginia case, considered controlling in the White case discussed above. There the insured had recovered an $85,000 judgment against the uninsured motorist, and sought to recover under two policies issued by State Farm, one to him and one to his father. Both had $10,000 coverage and by their terms covered the insured. The policies provided for excess

coverage only over similar insurance. The court refused to apply the excess coverage provisions to eliminate the statutory uninsured motorist coverage. This was not a proration case as appellant urges.

It would serve no purpose to discuss the other important cases in this opinion. These include Travelers Indemnity Co. v. Williams, 119 Ga.App. 414, 167 S. E.2d 174; Sturdy v. Allied Mutual Ins. Co., 203 Kan. 783, 457 P.2d 34; Martin v. State Farm Mutual Auto. Ins. Co., 375 F.2d 720 (4th Cir.); Michigan Mutual Liability Co. v. Karsten, 13 Mich. App. 46, 163 N.W.2d 670. See also the Annotation at 28 A.L.R.3d 551.

■ Trial courts in the absence of controlling State opinions are followed by this court in the determination of State law unless clearly wrong. The trial court here was not clearly wrong as the consideration of authorities from other jurisdictions indicates.

The appellant urges that the approval by the Insurance Commissioner of New Mexico of the appellant's policy form constitutes a construction of the statute to which great weight should be given by the courts. We do not consider the regulation in approval of policy provisions to necessarily be a construction of the statute by the Commissioner. It is a general approval of the policy forms which are apparently submitted by a representative of liability carriers. Consideration was given to a comparable issue by the New Mexico court in Ortega v. Otero, 48 N.M. 588, 154 P.2d 252. We must thus consider the issue without the benefit of the construction of the statute by the administrative authorities or by the courts of New Mexico.

The appellant also asserts that the same result would be reached by the application of the doctrine of subrogation as would be reached by the enforcement of the policy provisions. We of course have not reached such an issue in this case, and as an argument to validate the policy provision, it must be rejected. There is no reference to such a doctrine in the statutes relating to uninsured motorists, and should it be applied, which seems doubtful, it cannot be here considered to validate an unrelated policy provision which is obviously in violation of the New Mexico statutes. See White v. Nationwide Mutual Ins. Co., 361 F.2d 785 (4th Cir.), for a consideration of such an argument.

The appellant also presents other arguments based on prorating minimum policy limits and other similar matters which need not be considered.

Affirmed.