476 P.2d 895

**STATE FARM MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Grace Joy EDGINGTON, in her individual capacity, as Guardian of Robert A. Edgington, Jr., a minor, and as Personal Representative of Robert A. Edgington, deceased. Appellee.**

**No. 2 CA–CIV 826.**

Court of Appeals of Arizona, Division 2.

Nov. 17, 1970.

Rehearing Denied Dec. 22, 1970.

Review Denied Feb. 2, 1971.

Chandler, Tullar, Udall & Richmond by D. B. Udall, Tucson, for appellant.

Kain & Geyler by Sidney Kain, Tucson, for appellee.

HATHAWAY, Judge.

This appeal, concerned with uninsured motorist coverage, arises from an action for declaratory judgment submitted on stipulated facts and the testimony of the plaintiff's attorney.

State Farm Mutual Insurance Company issued a policy to Robert Edgington which contained uninsured motorist coverage. Mr. Edgington, his wife and son were riding in a friend's car being driven by the friend when the car was struck by an uninsured motorist. Mr. Edgington was killed; his wife and son suffered injuries. The host-driver had an uninsured motorist policy with a $20,000 limit issued by Liberty Mutual Insurance Company. Liberty paid $1,813.82 to the host-driver and $18,186.18

to the estate of Robert Edgington which exhausted the limits on the Liberty Mutual policy. It was agreed that this payment to the Edgington estate was to cover only that owed as a result of Mr. Edgington's death and not the injuries suffered by Mrs. Edgington and her son.

Mrs. Edgington looked to State Farm to collect for her injuries and her son's. State Farm refused the claim on the basis of a policy provision excluding coverage when payment was forthcoming from another policy on the automobile. The lower court ruled requiring that State Farm honor the claim of Mrs. Edgington and her son.

State Farm argues that the insurance contract violates no public policy, the intention of the parties controls and the exclusion clause should be enforced. They also argue that because of A.R.S. § 20-259.01 which requires limits of $10,000 per person and $20,000 per accident on uninsured motorist insurance that the Liberty Mutual policy should be construed as affording $10,000 coverage per person and $20,000 per accident. This would mean that Liberty Mutual had overpaid for the death of Mr. Edgington and should have made $8,186.18 available to Mrs. Edgington and her son.

A.R.S. § 20-259.01 establishes minimum limits at which uninsured motorist insurance could be sold. It in no way precludes one from buying higher limits. Such a policy is Liberty Mutual, providing higher limits. The insured sought further protection by raising the limits to $20,000 per person. We feel this to be a perfectly legitimate policy under our statutes and find no mistake in the application of its provisions. Bacchus v. Farmers Ins. Group Exchange, 106 Ariz. 280, 475 P.2d 264 (1970).

As to appellant's argument that the exclusion clause should apply because the policy is a contract and shows the intention of the parties, we believe that Porter v. Empire Fire and Marine Insurance Company, 106 Ariz. 274, 475 P.2d 258 (1970) recently decided by our state supreme court is controlling. In that case Porter was one of five people injured in an accident solely the fault of one Fitch. Fitch's policy was in the amount of $10,000 per person, $20,000 per accident, and $5,000 property damage. Through settlement agreements Fitch's insurance was distributed among the five to its limits with Porter receiving $2,500. Since Porter's injuries were in the amount of $10,000, he turned to his insurance company to collect the $7,500 difference under an uninsured motorist policy which had a $10,000 limit. The insurance company refused payment and prevailed in superior court, but the Court of Appeals, Division Two, reversed this in 12 Ariz.App. 2, 467 P. 2d 77 (1970). The Supreme Court then ruled that the insurance company had to pay the $7,500 difference.

In that decision the Supreme Court said:

"Therefore, should this court accept Empire's contention that where a motorist carries 10/20/5 thousand dollars liability insurance and there is an accident involving more than two parties which limits the recovery to a pro rata share (in the instant case it was $2,500 for Porter) if such recovery permits the uninsured motorist carrier to escape liability despite the insufficiency of the recovery, then Porter and others in a similar situation would be better off if the tort-feasor had carried no insurance. The Uninsured Motorist Law in such instance would not afford the protection which he expected and the Legislature intended."

The court further stated:

"We agree with the principal [sic] that the person who avails himself of the protection afforded by uninsured motorist coverage should be permitted to recover as if the tort-feasor had the minimum amount of liability insurance; *provided* that there be *available to him* the full amount of his damages, up to the minimum amount prescribed by the Financial Responsibility Act, which in this case is $10,000. This is so whether this

**376**

sum is recoverable under the insured's policy alone or in combination with those funds actually receivable from the tortfeasor's liability coverage."

In the case before us there was a settlement that went to the extent of money available under the driver's policy except that here there was no pro rata distribution in that Mrs. Edgington and her son got nothing. Since the Liberty Mutual Insurance was exhausted, Mrs. Edgington and her son are entitled to coverage in the amount of their policy which is here $10,000. Therefore the appellees fall within the uninsured motorist provision of their State Farm policy. Kraft v. Allstate Ins. Co., 6 Ariz.App. 276, 431 P.2d 917 (1967).

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.