485 P.2d 593

**STATE FARM MUTUAL INSURANCE COMPANY, Petitioner,**

v.

**The SUPERIOR COURT of Arizona, PIMA COUNTY, Richard N. Roylston, a Judge thereof; Grace Joy Edgington, in her individual capacity; as Guardian of Robert A. Edgington, deceased, Respondents.**

**No. 2 CA–CIV 987.**

Court of Appeals of Arizona, Division 2.

June 1, 1971.

Rehearing Denied June 25, 1971.
Review Denied Sept. 28, 1971.

---

2. See also: Chrysler Corporation v. McCarthy, 14 Ariz.App. 536, 484 P.2d 1065 (filed May 17, 1971).

**4**

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for petitioner.

Kain & Geyler by Sidney Kain, Tucson, for respondents Edgington.

HATHAWAY, Judge.

Before us is a petition for special action to recall a mandate issued pursuant to our decision in State Farm Mut. Ins. Co. v. Edgington, 13 Ariz.App. 374, 476 P.2d 895 (1970). That case involved an auto accident in which Mr. Edgington was killed and Mrs. Edgington and her son were injured. The estate of Mr. Edgington collected $18,186.18 under the host-driver's insurance as a result of his death. Mrs. Edgington and her son then sought recovery under their uninsured motorist coverage. We affirmed the lower court's judgment and stated that Mrs. Edgington and her son could collect up to the policy limits for injuries sustained by each of them.

■ The judgment as affirmed allowed further recovery by Mrs. Edgington for Mr. Edgington's death under their uninsured motorist coverage. We have been asked to clarify our opinion as it relates to attempts to recover for Mr. Edgington's death under the Edgington policy. Where a mandate is ambiguous, the result of mistake by the court, or does not express the intent of the opinion upon which it was based, it should be recalled and a new mandate should issue stating the intent of the court. Tucson Gas & Electric Co. v. Superior Court, 9 Ariz.App. 210, 450 P.2d 722 (1969); Lindus v. Northern Insurance Company of New York, 103 Ariz. 160, 438 P.2d 311 (1968); Overson v. Martin, 90 Ariz. 151, 367 P.2d 203 (1961).

■ Whether further recovery for Mr. Edgington's death is available under the Edgington policy is controlled by the decisions in Transportation Insurance Co. v. Wade, 106 Ariz. 269, 475 P.2d 253 (1970), and Porter v. Empire Fire and Marine Insurance Co., 106 Ariz. 274, 475 P.2d 258 (1970) modified at 106 Ariz. 345, 476 P.2d 155 (1970) relied upon in our earlier opinion. *Porter* holds that one who carries uninsured motorist protection and is injured in an accident may use it to satisfy the difference between any recovery from another person and the amount of his injuries at least to the amount of $10,000. However, the combined recovery from the other person and under his uninsured motorist provision of his policy shall not exceed the limits stated in his policy. The "other insurance" provision in the policy in the *Wade* case is almost identical as that in the case before us. In *Wade* the plaintiff had collected $10,000 under the uninsured motorist provision of a policy owned by the driver of the car in which plaintiff had been riding at the time of the accident. Plaintiff then attempted to recover for his injuries that exceeded $10,000 from an uninsured motorist policy with a $10,000 limitation per person in a policy that he carried. The Supreme Court ruled that since the plaintiff had been afforded the minimal protection specified in the Financial Responsibility Act from the driver's policy, the insurance clause of his policy was valid and precluded further recovery under the uninsured motorist provision in his own policy. The limits of the uninsured motorist provision of the Edgington policy was $10,000. $18,186.18 has already been collected from another person for Mr. Edgington's death. Since the collection for his death exceeds the limitations of the un-

insured motorist provision of the Edgington policy, further recovery for Mr. Edgington's death under the Edgington policy is precluded by Wade, supra, and Porter, supra.

It is ordered that the mandate in State Farm Mut. Ins. Co. v. Edgington, 13 Ariz. App. 374, 476 P.2d 895 (1970) be recalled and a new mandate issue in accordance with this opinion.

KRUCKER, C. J., and HOWARD, J., concur.