508 P.2d 1172

**ALLSTATE INSURANCE COMPANY, Appellant,**

v.

**Manuel PESQUERIA, Appellee.**

**No. 2 CA–CIV 1352.**

Court of Appeals of Arizona, Division 2.

April 24, 1973.

Rehearing Denied May 22, 1973.

Review Denied June 26, 1973.

Estes & Zlaket, by Donald Estes, Tucson, for appellant.

Murphy, Vinson & Hazlett, by Carl E. Hazlett, Tucson, for appellee.

KRUCKER, Judge.

The events giving rise to this appeal are set forth in Pesqueira [sic] v. Talbot, 7 Ariz.App. 476, 441 P.2d 73 (1965), and Pesqueria v. Factory Mut. Liability Ins. Co., 16 Ariz.App. 407, 493 P.2d 1212 (1972). Reiterated ·they are as follows. In cause number 94792, appellee, plaintiff below, sued Ruth and Warren Talbot, and their minor daughter, Carolyn, for injuries sustained on February 16, 1966 as a result of a collision between appellee's car and one driven by Carolyn. Title to the vehicle driven by Carolyn was in her name and she had a liability policy for $10,000 also in her name issued by Canal Insurance Company. Following a settlement for $10,000 with Canal, Mr. and Mrs. Talbot moved for summary judgment, which was granted. Liability as to Ruth and Warren

Talbot was grounded upon a theory of the "family purpose doctrine." On appeal from the summary judgment in favor of the Talbots, this court reversed and remanded for a determination of whether Carolyn's vehicle was a "furnished automobile" within the family purpose doctrine. Pesqueira [sic] v. Talbot, supra.

Thereafter, during the pendency of cause number 94792, the Talbots' insurance carrier, Factory Mutual Ins. Co. (hereinafter referred to as Factory Mutual) was repeatedly requested to take over the defense of the lawsuit for the Talbots. It refused and a judgment was entered on June 18, 1970, in favor of the plaintiff and against the defendants, Ruth and Warren Talbot, in the sum of $150,000. That judgment specifically found that all the allegations of the plaintiff's complaint were true and "that Ruth W. Talbot and Warren J. Talbot owned, provided, controlled, furnished and/or maintained the automobile for their minor daughter who was driving said automobile at the time of the accident."

After judgment in cause number 94792, the Talbots assigned any and all rights against Factory Mutual Insurance Company to Mr. Pesqueria. He then brought an action as judgment creditor and assignee of the Talbots against Factory Mutual, claiming that the insurance company did in fact have coverage for Mr. and Mrs. Talbot. The insurance carrier moved for summary judgment, which Pesqueria opposed and asserted a cross motion for summary judgment. The trial court denied his motion and granted the insurance carrier's motion for summary judgment. On appeal this court held that Mr. Talbot's policy with Factory Mutual afforded no coverage for the car involved in the accident.

Thereafter, appellee filed an action against his own insurance carrier, appellant herein, alleging he was entitled to recover $10,000 under the uninsured motorist coverage of his policy. Both parties moved for summary judgment. From a judgment granting plaintiff-appellee a money judgment in the sum of $10,000, the defendant-appellant appeals. Although appellant has presented four claims of error

on appeal, we address ourselves to but one which we believe is dispositive.

Appellant contends that under the circumstances presented here, appellee is not entitled to the uninsured motorist benefits of his policy. We agree.

■ We have stated that our uninsured motorist statute, A.R.S. § 20–259.01 is a strongly worded statutory mandate to be liberally construed in accordance with its remedial purposes. Geyer v. Reserve Ins. Co., 8 Ariz.App. 464, 447 P.2d 556 (1968), and cases cited therein. As stated in Transportation Ins. Co. v. Wade, 106 Ariz. 269, 273, 475 P.2d 253, 257 (1970):

". . . the Uninsured Motorist law compels the carriers to provide economic protection for the insured individual against the financially irresponsible segment of the driving public . . . [that] is a good indicia that the Legislature intended to confine its legislative concept of public policy to these stated amounts [10/20/5]."

We are not at liberty, however, to find uninsured motorist coverage where it is not demanded by the statute. Beyond the statutory amount ($10,000) the court must look to the express terms of the parties' contract. Transportation Ins. Co. v. Wade, supra. The uninsured motorist coverage provision in the subject policy states:

"Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of *an uninsured automobile* because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile." (Emphasis added)

An uninsured automobile is defined in part in the policy as follows:

" 'Uninsured automobile' means an automobile:

1. With respect to the ownership, maintenance or use of which there is no bodily injury liability insurance applicable at the time of accident, or

2. Used without the permission of the owner thereof if there is no bodily inju-

ry liability insurance applicable at the time of the accident with respect to the operator thereof."

■ It is clear from a reading of the policy definitions that Carolyn Talbot's vehicle was not an "uninsured automobile" since Carolyn had $10,000 bodily injury liability insurance applicable at the time of the accident and the entire $10,000 was paid to appellee by Carolyn's insurance carrier.

Appellee's reliance upon Geyer v. Reserve Insurance Co., supra, and White v. Nationwide Mutual Ins. Co., 361 F.2d 785 (4th Cir. 1966), is misplaced as both cases are readily distinguishable from the one at bar. In *Geyer* a passenger recovered under the liability clause of the primary policy applicable to the car in which he was riding and also under his own uninsured motorist policy applicable to the car operated by the uninsured tortfeasor. Geyer was able to reach beyond the statutory limits because *both motorists* were liable and he recovered the exact amount he would have obtained had both motorists been insured. In the instant case there is only one motorist, Carolyn Talbot. Having received the benefits of her liability policy, appellee has received all he is entitled to.

In White, supra, the plaintiff passenger was injured while riding in an automobile which was struck by a non-resident motorist whose liability insurance policy provided for $10,000 coverage for one person. By the terms of the Virginia statute, a vehicle is uninsured if it is covered by less than $15,000 insurance for a single person. After securing a judgment against the motorist for $22,000, the plaintiff instituted suit against the insurer of the negligent driver and her own insurer. The insurer of the negligent driver paid $10,000 under its liability policy. In allowing the insured to recover the $12,000 unpaid amount of the judgment, the Federal court quoted from a Virginia case:

"[t]he limit of recovery . . . under any and all insurance policies carrying the uninsured motorist provision required by § 38.1–381(b) *would be the*

*amount of the insured's judgment against the uninsured motorist.*" (Emphasis added) 361 F.2d at 786.

In Arizona, as in many other jurisdictions, the statute is only designed to protect up to the *minimum statutory limits* for injuries caused by financially irresponsible motorists. *See,* Transportation Ins. Co. v. Wade, supra; Porter v. Empire Fire & Marine Ins. Co., 106 Ariz. 274, 475 P.2d 258 (1970); Harsha v. Fidelity Gen. Ins. Co., 11 Ariz.App. 438, 465 P.2d 377 (1970); State Farm Mut. Ins. Co. v. Superior Court, 15 Ariz.App. 3, 485 P.2d 593 (1971); Maryland Casualty Co. v. Howe, 106 N.H. 422, 213 A.2d 420 (19965); and Burcham v. Farmers Ins. Exchange, 255 Iowa 69, 121 N.W.2d 500 (1963). Thus, *White* is clearly distinguishable.

For the foregoing reasons, we reverse the judgment and direct the trial court to enter judgment for the appellant.

HATHAWAY, C. J., and HOWARD, J., concur.