666 P.2d 1077

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Plaintiff-Appellee,

v.

Richard H. EDEN and Elizabeth Eden, his wife, Defendants-Appellants.

No. 1 CA–CIV 5513.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 30, 1982.

Rehearing Denied Feb. 2, 1983.

Review Granted March 1, 1983.

Hofmann, Salcito & Stevens, P.A. by Leroy W. Hofmann and E.G. Noyes, Jr., Phoenix, for plaintiff-appellee.

Langerman, Begam, Lewis & Marks by Noel Fidel, Robert G. Begam, Phoenix, for defendants-appellants.

## OPINION

### RICHARD M. DAVIS, Judge Pro Tem.

The appellants Eden, having recovered the statutory minimum $15,000.00 policy limits from the liability insurer of the automotive tortfeasor whose acts resulted in injuries to Mr. Eden, contend in this appeal that their $50,000.00-limit underinsured motorist coverage, issued by the appellee State Farm Mutual Automobile Insurance Co., should be recoverable to the extent of $35,-000.00. The question thus presented is whether, at a time prior to enactment of statutory provisions requiring the offering of "underinsurance" coverage (see present A.R.S. § 20–259.01(C) through (H), enacted in 1981)[1] uninsured motorist coverage is recoverable when the tortfeasor has liability insurance in the minimum amount required by the Motor Vehicle Safety Responsibility Act, A.R.S. § 28–1101 et seq. Based upon a line of Arizona cases starting with *Harsha v. Fidelity General Insurance Co.,* 11 Ariz.App. 438, 465 P.2d 377 (1970)[2] and prevailing authorities from other jurisdictions including the recent case of *State Farm Mutual Automobile Insurance Co. v. Hallowell,* 426 A.2d 822 (Del.1981),[3] we hold that it is not.

No facts are in dispute in this declaratory judgment action. The appellant Richard

Eden was involved in a collision with one Douglas in March, 1979. Douglas was insured for liability by Heritage Insurance Co. in the minimum amount then required by the Motor Vehicle Safety Responsibility Act. After Heritage paid to the Edens its policy's limits, the Edens made claim against appellee and appellee filed this suit for a declaration of nonliability.

Arizona first required automobile insurers to offer uninsured motorist coverage in 1966.[4] The amount of coverage required to be offered was the minimum amount of liability coverage mandated by the Motor Vehicle Safety Responsibility Act. In 1972, the legislature required insurers to offer uninsured motorist coverage in at least three times the minimum required liability coverage.[5] As noted above, the mandatory offering of underinsurance coverage was not required until 1981.

Appellants argue that when the legislature raised the limit on the amount of uninsured motorist coverage required to be offered in 1972, it intended to change the concept of an uninsured motorist from one with available insurance less than the minimum required by statute to one whose insurance is less than the damages and the uninsured motorist coverage of the victim. Appellants argue that the 1972 amendment enabled insureds to effectively raise their "threshold of protection" in respect to all accidents, to the level of their uninsured motorist coverage. Appellants contend that *Porter v. Empire Fire & Marine Ins. Co.,* 106 Ariz. 274, 475 P.2d 258, *modified,* 106 Ariz. 345, 476 P.2d 155 (1970), points in the direction of their position, and that the legislature must have intended such a result because otherwise a victim would be anomalously better off to be struck by an unin-

---

1. Laws 1981, Chapter 224, § 1.

2. And also including *State Farm Mutual Insurance Co. v. Superior Court,* 15 Ariz.App. 3, 485 P.2d 593 (1971), and *Allstate Insurance Co. v. Pesqueria,* 19 Ariz.App. 528, 508 P.2d 1172 (1973).

3. *See, e.g., Safeco Ins. Co. of America v. Wetherill,* 622 F.2d 685 (3d Cir.1980), the cases

annotated at 26 A.L.R.3d 883, 894–896 (1969), as supplemented, and A.I. Widiss, *A Guide To Uninsured Motorist Coverage,* §§ 2.34(a)–2.38 (Supp.1981).

4. Laws 1965, Chapter 34, § 1.

5. Laws 1972, Chapter 157, § 1.

sured motorist than by one who had insurance in the minimum statutory amount.

In the *Harsha* case, *supra,* this court declared that the term "uninsured" in A.R.S. § 20–259.01 meant essentially "not insured", that is, without the available automobile liability coverage statutorily prescribed by A.R.S. § 28–1142. In the *Porter* case, *supra,* our Supreme Court addressed a contention not advanced in *Harsha* and held that a motorist could also be deemed uninsured when a victim could not obtain proceeds in the minimum statutory amount. *Porter* involved multiple victims and a liability policy in the minimum amount prescribed by statute. Summarizing its holding, the court stated:

> We agree with the principle that the person who avails himself of the protection afforded by uninsured motorist coverage should be permitted to recover as if the tort-feasor had the minimum amount of liability insurance; *provided* that there be *available to him* the full amount of his damages, up to the minimum amount prescribed by the Financial Responsibility Act, which in this case is $10,000. This is so whether this sum is recoverable under the insured's policy alone or in combination with those funds actually receivable from the tort-feasor's liability coverage. (emphasis in the original.)

106 Ariz. at 279, 475 P.2d at 263.

In our opinion, the limits of the *Porter* decision are evident. It is concerned with providing the statutory minimal recovery for a victim. It must be read in the light of its own facts and when it is so read it does not work a transformation in the concept of an uninsured motorist to that of an underinsured motorist in the manner advocated by appellants.

By appellants' concept, a tortfeasor with $1,000,000 worth of liability coverage could be an uninsured motorist, if the victim's injuries were severe enough and the victim had managed to provide himself with uninsured motorist coverage in a greater amount. In our opinion, such a concept can simply not be read into A.R.S. § 20–259.01 or any cases decided thereunder.

The anomaly to which appellants refer is real. *See State Farm Mutual Automobile Insurance Co. v. Hallowell, supra.* But it does not avail appellants, for like the court in *Hallowell,* we are unable to perceive in the legislative mandate to offer increased uninsured motorist coverage any intent by the legislature to effect a change in the established concept of an uninsured motorist. The ostensible intent of the 1972 amendment of A.R.S. § 20–259.01 was simply to grant to responsible motorists the opportunity to increase coverage against damages caused by uninsured motorists. The relevant legislation defines an uninsured motorist by reference to the minimum Motor Vehicle Safety Responsibility Act liability coverage. The policy issued by appellees does likewise. We can neither super-legislate nor construe the contract to reach a different result.

While it is small comfort to these appellants, our legislature has now in A.R.S. § 20–259.01 rectified the anomaly with provisions for the mandatory offering of underinsurance motorist coverage.

The trial court summarily granted appellee's prayer for a declaratory judgment of no liability. The judgment must be, and is, affirmed.

JACOBSON, P.J., and CORCORAN, J., concur.

NOTE: The Honorable Richard M. Davis, a Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.