Evelyn Vignali, Plaintiff-Appellee, v. Farmers Equitable Insurance Company, a Corporation, and State Automobile Insurance Association, a Corporation, Defendants-Appellants.

Gen. No. 65–30.

Third District.

May 20, 1966.

Kevin D. Kelly and Hollerich & Hurley, of LaSalle, and Safford, West & Herring and Heyl, Royster, Voelker & Allen, of Peoria, for appellants.

Peter F. Ferracuti, of Ottawa, for appellee.

STOUDER, J.

This is an appeal from an order of the Circuit Court of LaSalle County denying Defendants' motions to vacate and set aside an order directing a verdict for Plaintiff or in the alternative for a new trial.

The facts giving rise to the cause of action in the court below involved an automobile accident occurring on June 27, 1959, in which Appellee, Evelyn Vignali, was injured. The automobile in which she was riding was owned by her brother-in-law to whom a policy of insurance had been issued by Farmer's Equitable, one of the Appellants. Appellee's husband also had a policy in effect at that time issued by the other Appellant, Auto Underwriter's Inc., attorney in fact for the Subscribers at State Automobile Insurance Association.

The automobile in which Appellee was a passenger was struck by an automobile owned by Jerry Penick and being driven by Robert Satterfield. Appellee notified her husband's insurance agent, James Bernardini, of the accident shortly after its occurrence. Bernardini, who wrote insurance for both Appellants, prepared a report which he sent to each company. Shortly thereafter a claim was made by Appellee under the medical payments

coverage of the Farmers Equitable policy. This claim was investigated by Farmers Equitable and paid.

In April of 1960, Appellee's attorney learned that Penick did not carry public liability insurance. He immediately called Bernardini and advised him that Appellee would make a claim under the uninsured motorist provisions of both policies and asked Bernardini to furnish forms for proof of loss. These forms were not forthcoming and Bernardini apparently did not notify either company until August 1, 1961, when a loss report was sent to Auto Underwriters.

On May 4, 1960, Appellee filed suit under the Dram Shop Act against certain tavern operators and in July, 1960, filed a negligence action against Satterfield and Penick. Neither company received copies of the complaint, summons and process in either action until October 18, 1961. Country Mutual Insurance Company initially undertook the defense of the action against Satterfield but withdrew after the Circuit Court of La Salle County in a Declaratory Judgment proceeding determined on July 21, 1961, that the Company was not obligated to defend Satterfield. Appellants were not notified by Appellee of the action for Declaratory Judgment, or the order until October, 1961.

The correspondence, discussions and negotiations which followed did not produce any settlement of the claims under the uninsured motorist provisions of the policies. In February, 1962, Appellants approved settlement of the dramshop action for $8,000. On May 1, 1962, Appellee was awarded a judgment in the amount of $23,000 against Satterfield. Thereafter Appellee filed this action against each of the Appellants alleging liability under the uninsured motorist provisions of each policy.

After the conclusion of all the evidence each party moved for a directed verdict and the court granted Appellee's motion for directed verdict against both Appel-

117

lants and rendered a judgment in favor of Appellee in the amount of $14,858.18 computed as follows: the total damages were assessed at $23,000, each Appellant was held liable for the $10,000 maximum coverage under each policy but allowed to share the net proceeds of the dramshop settlement of $5,141.82 arriving at a judgment against each in the amount of $7,429.09. The total amount of the dramshop settlement was $8,000, the court allowing and deducting $2,858.18 as attorney's fees and expenses in arriving at the net recovery. Appellant, State Auto, appeals from the order directing a verdict against it. Appellant, Farmers Equitable, appeals from the order denying its motion to vacate the judgment or in the alternative for a new trial.

Appellant, State Auto, contends that the Trial Court erred in finding that the provisions of each of the policies with respect to other insurance were mutually repugnant. Appellant argues that such provisions are consistent and should be given effect according to their terms in which event the coverage afforded by its policy is excess only. If this contention is correct, the remainder of the opinion would not apply to this Appellant. We shall therefore, first consider this argument.

In order to determine the effect of the two policies, reference must be had to the provisions in question. Our Supreme Court in New Amsterdam Cas. Co. v. Certain Underwriters at Lloyds, London, 34 Ill2d 424, 216 NE2d 665, has rejected the minority or Oregon rule of the broad application of the doctrine of mutual repugnancy and held that to the extent that such provisions could be consistently applied effect should be given thereto.

Each policy defines insured as meaning the named insured, spouse of such named insured and any other person riding in the automobile described in the policy.

The provisions dealing with other insurance are as follows: "With respect to bodily injury to an insured

118

while occupying an automobile not owned by a named insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance.

"With respect to bodily injury to an insured . . . through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this endorsement for a greater proportion of the applicable limit of liability of this endorsement than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"Subject to the foregoing paragraphs, if the insured has other similar insurance available to him against a loss covered by this endorsement, the company shall not be liable under this endorsement for a greater proportion of such loss than the applicable limit of liability hereunder bears to the total applicable limits of liability of all valid and collectible insurance against such loss."

Thus it can be seen that in the first paragraph, excess coverage is intended and in the other paragraphs pro rata coverage is intended. Each paragraph refers to the insured under a different set of conditions: the first condition being where the insured is occupying an automobile not owned by a named insured; the second where the insured is a named insured under other similar insurance; and the third where the insured has other similar insurance available to him.

With respect to the policy issued by Appellant, State Auto, Appellee clearly was an insured occupying an au-

tomobile not owned by a named insured and came under the first paragraph of the coverage in question. This paragraph provides that under these circumstances coverage shall be excess insurance and shall apply only in the amount by which the applicable limit exceeds the *sum of the applicable limits of liability* of all other similar insurance. With respect to the policy issued by Appellant, Farmers Equitable, Appellee just as clearly comes under paragraph three which states that its coverage shall be pro rata if other similar insurance is available. However since the policy of State Auto affords excess coverage only if there is no other similar insurance available under the terms of the Farmers Equitable pro rata provision.

We do not regard these two paragraphs as repugnant. As was stated in Jensen v. New Amsterdam Ins. Co., 65 Ill App2d 407, 213 NE2d 141 ". . . the conflict, if any, resulting from an attempt to apply the provisions of each policy to a given factual situation, must be determined from the language used in the respective policies. . . . The principles involved in the interpretation and construction of insurance contracts are the same as those involved in construing other contracts. The "other insurance" clauses must be interpreted according to the sense and meaning of the terms which the parties have used." In the instant case each policy gave different coverage to the insured under different circumstances and, under the existing facts, the circumstances were different as applied to each policy. It is therefore our opinion that the coverage under State Auto's policy was excess. Since its applicable limit did not exceed the sum of the applicable limits of liability of all other similar insurance in view of the precedent in New Amsterdam Co. v. Certain Underwriters at Lloyds of London, supra, the lower court erred in holding this Appellant liable in any amount.

 Appellant, Farmers Equitable, contends at great length that Appellee's failure to give proper notice of loss, notice of claim and notice of suit operated to relieve Appellant from liability. Requirements of notice are not mere technicalities but are intended to serve the practical purpose of enabling the insurer to make the necessary investigation to defend a claim against it. Marino v. Firemen's Ins. Co. of Newark, N. J., 345 Ill App 540, 104 NE2d 317. However, in the instant case we are of the opinion that the facts clearly show that Appellant was actually notified of the accident, that an investigation was conducted by Appellant and a claim paid under one portion of its policy, that Appellant, through its agent was notified of the claim under the uninsured motorist endorsement and that Appellant's conduct throughout, constituted a waiver of the requirement of more formal notice. On October 16, 1961, the following appeared in a letter from Farmers Equitable to Appellee's attorney marked Plaintiff's Exhibit 13:

"In response to yours of October 3, 1961, relative to the applicability of the uninsured motorist endorsement as to Evelyn Vignali, we wish to advise that it does apply but is not primary as Mr. Rumpf seems to imply.

"We were somewhat surprised that Country Mutual was able to get a favorable verdict on their Declaratory suit as we were anticipating a subrogation recovery through the office of Attorney White and Simon.

"In any event, I do know that you still have a possibility of a collection in the pending dram shop action and, while the other suit against Jerry Penick and Robert Satterfield is still pending, they apparently are judgment proof. We would, however, like to be informed as to the approximate date of the trial of the dramshop case.

121

"In the interim, if you could send us a complete record of the medical expenses incurred by Evelyn Vignali together with supporting medical reports, we will be in a position to consider this claim under the endorsement after the dramshop matter has been disposed of.

. . . . . .

"I would like to call your attention to the fact that according to the provisions of this endorsement we should have had notice of the suits filed by you shortly after same were instituted."

This exhibit is a clear admission of Appellant's liability, a clear indication that Appellant was at all times aware of the accident, the possibility of a claim against it and the pendency of the various law suits, a willingness to allow Appellee to proceed with the dramshop action and a reminder that notice of the suits should have been given. Under this state of facts we must conclude that Appellant waived any requirement of formal notice.

We cannot take seriously Appellant's contention that Appellee does not qualify under the endorsement because the driver of the car was insured at the time of the accident and somehow became uninsured thereafter. Appellant states that the reason for the court's decision in rendering the Declaratory Judgment is not clear and assumes that this constituted an avoidance of coverage at some time after the accident. Since the record does not contain the Declaratory Judgment, we cannot speculate as to the reasons for the decision and must accept Satterfield's testimony that he was uninsured at the time of the accident.

Appellant complains that Appellee did not sustain her burden of proof in that the only evidence consisted of self-serving letters and the testimony of Plaintiff's attorney. We agree that such evidence is to be subjected to critical analysis. Beninca v. Nardiello, 320

Ill 181, 150 NE 661. We are however, equally critical of the practice of ignoring that in the record which appears unfavorable to Appellant. The record in the instant case contains, among other evidence, testimony of Appellant's agent, testimony of Appellant's investigator, and letters from Appellant, all uncontradicted and tending to support Appellee's claim. On the basis of the record we find ample evidence to support Plaintiff's claim. We therefore find no error in the order of the Trial Court directing a verdict in favor of Appellee.

█ This brings us to Appellant's final contention that the proceeds from the dramshop settlement should have been credited in full against its obligation and not reduced by the costs, including attorney's fees as allowed by the court below. Appellant concedes that Remsen v. Midway Liquors, Inc., 30 Ill App2d 132, 174 NE 2d 7, supports the ruling of the Trial Court. Remsen deals with a similar factual situation as well as a similar subrogation provision. The court approved the deduction of attorney's fees and expenses and concluded that since such expenses would have been paid by the insurer if it had initiated the action the result should have been the same even if such recovery was secured by the insured. We find no merit in Appellant's contention that Niekamp v. Allstate Ins. Co., 52 Ill App2d 364, 202 NE2d 126, expresses a contrary view which should be applied to this case. In Niekamp the court held that the insurer was not liable under an uninsured motorist provision and accordingly subrogation or rights incident thereto were not involved in the decision of the court.

Since we find error in the judgment of the Circuit Court of LaSalle County as to the Appellant, State Automobile Insurance Association, the judgment against said Appellant is reversed. The judgment against Appellant, Farmers Equitable Insurance Company, is modi-

fied and reduced to the sum of $4,858.18, said amount being the maximum limits of the policy of $10,000 less the net amount of the dramshop recovery of $5,141.82, and in such amount is affirmed.

Judgment reversed in part, modified in part and affirmed as modified.

CORYN, P. J. and ALLOY, J., concur.