Norcross W. Putnam and Ruth Putnam, Plaintiffs-Appellants, v. New Amsterdam Casualty Co., Defendant-Appellee.

Gen. No. 51,418.

First District, Second Division.

May 6, 1969.

John G. Phillips, of Chicago (Sidney Z. Karasik, of counsel), for appellants.

Schaffenegger & Watson, of Chicago (Jack L. Watson, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This suit was brought by Norcross W. Putnam and Ruth Putnam against New Amsterdam Casualty Co., under an automobile policy which insured plaintiffs. The complaint grew out of an accident which occurred on August 19, 1961, at which time the Putnams and a Mrs. Emerick were passengers in an automobile owned by John J. Porchivina and driven by his wife, Margaret Por-

chivina, on Pacific Highway near Burlingame, California. The other car involved in the accident was driven by an uninsured motorist. The plaintiffs were seriously injured in the accident.

The Hartford Accident & Indemnity Company policy insuring the Porchivinas' car contained an uninsured motorist provision and carried policy limits of $10,000/ $20,000. In the accident plaintiffs sustained damages in excess of $8,000. Under the policy the Porchivinas received the first $10,000, Mrs. Emerick $2,500, and the plaintiffs the balance of $7,500. The plaintiffs then brought suit against their own insurance company, New Amsterdam Casualty, to obtain the difference between the amount they received under the Porchivina policy and the actual damages they had sustained. The New Amsterdam policy contained an uninsured motorist provision identical to that in the Hartford policy.

The New Amsterdam Casualty Company answered plaintiffs' complaint by asserting it owed plaintiffs nothing because there was "other insurance available" to plaintiffs; namely, the insurance under the Hartford policy, and that by the terms of the New Amsterdam policy it became excess over the Hartford policy; that there could be no excess because the policy limits in both policies were identical, $10,000/$20,000. The provision in question reads:

> "5. Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance.

"With respect to bodily injury to an insured while occupying or through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this endorsement for a greater proportion of the applicable limit of liability of this endorsement than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"Subject to the foregoing paragraphs, if the insured has other similar insurance available to him against a loss covered by this endorsement, the company shall not be liable under this endorsement for a greater proportion of such loss than the applicable limit of liability hereunder bears to the total applicable limits of all valid and collectible insurance against such loss."

After a bench trial the court found in favor of the insurer and entered judgment from which the plaintiffs appeal. In the appeal the plaintiffs state that their conception of the issue presented to this court is "whether plaintiffs, only partly indemnified for their loss by the insurance on their host's automobile, may collect on their own policy, or whether their carrier may properly invoke the defense of 'other insurance' under the circumstances of the instant case."

What is basically involved in this case is the construction of a provision contained in an insurance policy. The plaintiffs' contention is that "other insurance" means collectible insurance, and although another policy was involved, they were only partially reimbursed for their losses through that policy, and are still not made whole for their loss. No further insurance is collectible except

that contained in their own policy. Plaintiffs urge that since both policies involved contain the "other insurance" provision it would be inequitable to give effect to this provision in one of the policies while not giving effect to the provision in the other policy.

The defendant argues that the provisions which appear in both policies are applicable to the plaintiffs in different ways. From the point of view of the defendant the plaintiffs were covered by the first paragraph, since the plaintiffs were the named insured who were injured while in an automobile not owned by a named insured under the New Amsterdam endorsement, and that under this provision the policy was effective only as "excess" insurance over that available from "other insurance." The defendant concludes that since the applicable limits of both policies were identical there was no excess; therefore, the New Amsterdam policy never became operative.

The Hartford policy which had been taken out by the Porchivinas covered the plaintiffs by virtue of the second paragraph, since they were named insured under other similar insurance and were injured by being struck by an uninsured motorist. Under this provision the loss was to be computed on a pro rata basis. Thus, the applicable portion of the New Amsterdam policy provisions on "other insurance" is the "excess" clause, while the applicable portion of the Hartford policy provision on "other insurance" is the "pro rata" clause. The defendant argues that since its excess provision explicitly provided that when other insurance was available its policy applied only as excess, it should not now be called upon to reimburse the plaintiffs where there is no excess, since this would be compelling defendant to cover a risk it had not assumed.

The "other insurance" problem has resulted in a split of judicial opinion. In Oregon Automobile Ins. Co. v. United States Fidelity & Guaranty Co., 195 F2d 958 (9th Cir 1952), the court was faced with a situation similar to that in the case before us. A man named Suter, insured

by United States Fidelity and Guaranty Company (USF & G), rented an automobile from Redmond who was insured by Oregon Auto Insurance Company (Oregon). Oregon's applicable limits of liability were far in excess of USF & G's. After Suter was involved in an accident the trial court had absolved USF & G until Oregon's limits were exhausted, but since Oregon's limits exceeded USF & G's, the ruling amounted to completely absolving USF & G. Both policies had contained "other insurance" provisions. The court reversed the finding of the trial court, and stated that if the provisions of both policies were given full effect neither insurer would be liable, and such a result would be an absurdity. The court rejected the notion that the policy first written should be the primary one, stating that both policies were in effect at the time of the accident, and that the "other insurance" provisions were indistinguishable, with no rational choice to be made between them. At page 960 the court stated: "Here, where both policies carry like 'other insurance' provisions, we think must be held mutually repugnant and hence be disregarded." Thus, the court's determination was that rather than make an irrational choice between the two policies it would prorate the loss between the two companies. This rationale has been adopted by other courts, including courts in Illinois. (Continental Cas. Co. v. New Amsterdam Cas. Co., 28 Ill App2d 489, 171 NE2d 406.)

In Lamb-Weston, Inc. v. Oregon Automobile Ins. Co., 219 Ore 110, 341 P2d 110, the court reached the following sweeping conclusion at page 119:

"The 'other insurance' clauses of all policies are but methods used by insurers to limit their liability, whether using language that relieves them from all liability (usually referred to as an 'escape clause') or that used by St. Paul (usually referred to as an 'excess clause') or that used by Oregon (usually referred to as a 'prorata clause'). In our opinion,

107

> whether one policy uses one clause or another, when any come in conflict with the 'other insurance' clause of another insurer, regardless of the nature of the clause, they are in fact repugnant and each should be rejected in toto."

This conclusion was reached after the court realized that the only other way of resolving the dispute would be by choosing some arbitrary reasoning to determine which was the primary and which the secondary insurer.

Other cases in Illinois following the so-called Oregon or minority rule are Laurie v. Holland America Ins. Co., 31 Ill App2d 437, 176 NE2d 678; Economy Fire & Casualty Co. v. Western States Mut. Ins. Co., 49 Ill App2d 59, 198 NE2d 723. Some cases in the Illinois courts did not follow the minority rule. In New Amsterdam Cas. v. Certain Underwriters at Lloyds, London, 34 Ill2d 424, 216 NE2d 665, the Supreme Court was faced with resolving the question of liability between two insurance policies and balancing an "escape" provision from one policy against an "excess" provision in the other. In that case Fiske, the named insured of New Amsterdam, was involved in an accident while driving a rented car insured by Lloyds. The trial court held New Amsterdam solely liable, and the Appellate Court reversed, holding that each insurer should bear a pro rata share of the loss. The Supreme Court reversed the Appellate Court, and concluded that Lloyds should bear the full loss, with proceeds from the New Amsterdam policy payable only as excess. Since the required payments were within the limits of liability of the Lloyds' policy there was no excess; therefore, New Amsterdam ended up paying nothing. New Amsterdam's policy had provided that its insurance was available in excess of "other insurance," while Lloyds' clause provided that when one was covered by "other insurance" Lloyds escaped liability.

In New Amsterdam Cas., the court discussed Oregon Automobile Ins. Co. v. United States Fidelity & Guaranty

Co., supra, and noted that the rule set out in that case was the minority rule. The court then aligned itself with the majority view, saying at page 428:

"The majority view seems to be that in the case of an apparent conflict between an 'escape' clause in one policy and an 'excess' clause in the other policy, the 'excess' clause is to be given effect."

The court further said at page 430:

"The majority view seems more persuasive. We hold that the plaintiff extended its insurance to protect Fiske while driving the car involved in the accident with the permission of the named insured only for excess insurance over the valid collectible insurance available to him under the omnibus provision of the Lloyds policy. Lloyds does not escape through use of the clause denying liability if any person other than the named insured is also covered by other valid and collectible insurance, because plaintiff's policy was not 'other' insurance but rather 'excess' coverage. Since the liability limits of the Lloyds' policy is in excess of the amount of damages, plaintiff's excess insurance never came into force. It did not furnish 'other valid and collectible insurance' and Lloyds must bear the entire amount of the damages and costs."

In the case before us plaintiffs seek to avoid application of the New Amsterdam Cas. case by saying it is senseless to hold there was "other insurance available" to them since any other insurance there was has now been exhausted and the plaintiffs have not yet been made whole. Plaintiffs argue that "available insurance" is construed to mean "collectible insurance" and that when other insurance is not collectible the plaintiffs should be entitled to obtain a judgment against their own insurance

policy so that their losses can be reimbursed. However, this argument is not supported by case law.

The conflict involved in New Amsterdam Cas. was between an "escape" clause and an "excess" clause, and the Supreme Court chose to give effect to the "excess" clause instead of throwing both clauses out and prorating the loss between the two companies. The conflict in the case before us is between a "pro rata" and an "excess" clause; therefore, the New Amsterdam Cas. case is not exactly in point. However, we think the rule laid down in that case controls the disposition of the one before us.

In Vignali v. Farmers Equitable Ins. Co., 71 Ill App2d 114, 216 NE2d 827, a case very similar to the one before us, the court applied the rule laid down in New Amsterdam Cas. to a conflict between a "pro rata" clause and an "excess" clause. The court held that since the applicable limits of the policy containing the "excess" clause did not exceed the sum of the applicable limits of liability of all other similar insurance, the company with the policy containing the "excess" clause should not be held liable in any amount.

The same rule must be applied in the case before us. Effect shall be given to the "excess" clause of the New Amsterdam policy which provided that its policy be treated as excess in the amount by which the applicable limits of the New Amsterdam policy exceeded the sum of other insurance available. Since the other insurance available contained an identical applicable limit, the New Amsterdam policy never came into effect. There was no excess, and thus there was no duty on its part to make any payments under its endorsement to the plaintiffs.

The judgment of the Circuit Court is affirmed.

Affirmed.

LYONS, P. J. and BURKE, J., concur.