**FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant,**

v.

**Otis GATLIN et al., Appellees.**

No. 17669.

Court of Civil Appeals of Texas, Fifth District.

Aug. 24, 1971.

Rehearing Denied Sept. 17, 1971.

David R. McAtee, Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

Jim Foreman, Baker, Foreman & Boudreaux, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

This appeal presents an important question of first impression in Texas concerning the construction of policies of automobile liability insurance. The specific question may be stated as follows:

May an automobile liability insurance carrier providing coverage against injury by an uninsured motorist pursuant to the requirements of Art. 5.06–1, Insurance Code, Vernon's Ann.Civ.St. of Texas, deny liability on the ground that the insured has other similar insurance available to him?

The case was submitted to the trial court, without a jury, on stipulated facts which may be summarized as follows.

On May 7, 1969 Margaret E. Gatlin was killed in an automobile collision in Collin County, Texas while riding as a passenger in an automobile owned and being driven by Mrs. James W. Talley. The automobile collision and resulting death of Mrs. Gatlin was proximately caused and brought about by the negligence of Thomas Doyle Davis who was then operating a motor vehicle which was uninsured, as that term is defined under the policies of insurance hereinafter described. Otis Gatlin is the surviving husband of Margaret E. Gatlin and Bennie Ridge and Jimmy Ridge are the surviving sons of Margaret E. Gatlin. These parties are the only ones entitled to recover damages for the death of Mrs. Gatlin under the Wrongful Death Statute of the State of Texas. That such parties are entitled to recover a sum of at least $14,000 as damages, as a proximate result of the death of Mrs. Gatlin. At the time of collision the Talley automobile was covered by a policy of public liability insurance issued by Republic Insurance Company, such policy containing a uninsured motorist endorsement as provided by the uninsured motorist provision of the Texas Insurance Code with limits of $10,000/$20,000. In addition to Mrs. Gatlin two other occupants of the automobile were also killed and two occupants were seriously injured. Suit was filed on behalf of each of the estates of the three deceased persons and also on behalf of the two injured occupants. A judgment was entered by the court against Republic Insurance Company prorating the limits of the uninsured motorist coverage of such company of $20,000 equally among the five parties, to-wit, $4,000 to each estate or injured party. At the time of the collision there was in existence a policy of automobile liability insurance having been issued by the Fidelity & Casualty Company of New York which had been purchased and paid for by Otis Gatlin, and his wife, Margaret E. Gatlin, said policy covering their family automobile. This policy also contained the uninsured motorist coverage required by the Insurance Code of Texas in the limits of $10,000/$20,000. In the policy issued by the Fidelity & Casualty Company of New York and the policy issued by Republic Insurance Company there appeared the following identical provisions:

"With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The parties expressly stipulated that "the only issue intended to be raised is the question of law as to whether or not these plaintiffs, who have been damaged in the amount of at least $14,000 by reason of the death of Margaret Gatlin proximately caused by the negligence of an uninsured motorist, are entitled to recover for same against this policy of insurance, and if so, the amount thereof."

The instant suit, in which the above stipulation was made, was by Gatlin and his sons to recover the $10,000 limits of the automobile insurance policy issued by Fidelity & Casualty Company of New York covering the Gatlin automobile and in which suit the insurance company had denied liability for any sum because of the quoted policy provisions. The trial court rendered judgment for plaintiffs against

the insurance company in the sum of $10,000 and this appeal follows.

In its primary points of error appellant urges that the trial court was wrong in granting judgment against it because Margaret E. Gatlin, as an insured under the policy issued by Republic Insurance Company, was precluded from receiving benefit under appellant's policy because of the "pro rata clause of the Republic policy" and the "excess insurance" clause of appellant's policy. Appellees counter with the contention that the "other insurance" clauses contained in both policies of insurance are invalid as being contrary to Article 5.06–1, Insurance Code of Texas, and that the trial court was correct in rendering judgment for the policy limits of appellants' coverage.

The material portions of our uninsured motorist law, being Article 5.06–1, Insurance Code, V.A.C.S., which were enacted by amendment in 1967, provides:

"No automobile liability insurance * * * covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, in the limits described in the Texas Motor Vehicle Safety-Responsibility Act, under provisions prescribed by the board, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."

So we are brought face to face with the question of whether appellees, who have sustained admitted damages in excess of $14,000 by virtue of negligence of an uninsured motorist, and having recovered $4,000 from one insurance carrier covering the loss, may also recover the additional sum of $10,000, being the maximum limits of another insurance policy which covers the same loss. Since there are no deci-sions in Texas we must look to the decision of courts of other states which have had occasion to answer the question. At least forty of the states have adopted uninsured motorist statutes, many of them similar to our statute, copied above. There is a conflict in the cases from other jurisdictions which deal with the question here presented. In 28 A.L.R.3d 551, at page 554, may be found a summary on the law on the issue:

"A number of courts have held that 'other insurance' provisions, whether in the form of a 'pro rata', 'excess insurance', 'excess-escape', or other similar clause, are invalid as a part of uninsured motorist protection, on the ground that the statute requiring every liability policy to provide this type of protection will not permit the insurer to provide in any way that the coverage will not apply where other insurance is also 'available', despite the fact that the insured may thus be put in a better position than he would be if the other motorist were properly insured. Other courts have stated, however, that the design and purpose of the uninsured motorist statutes are to provide protection only up to the minimum statutory limits for bodily injuries, and not to provide the insured with greater insurance protection than would have been available had he been injured by insured motorist, and have held that such 'other insurance' provisions are valid where they do not reduce coverage below the minimum statutory limits."

The first view, expressed above, seems to constitute the majority rule in the United States and is supported by the following authorities: Safeco Ins. Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (1970); Bryant v. State Farm Mutual Auto Ins. Co., 205 Va. 897, 140 S.E.2d 817 (1965); Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (S.Ct. of Fla. 1966); Stephens v. Allied Mutual Ins. Co., 182 Neb. 562, 156 N.W.2d 133 (1968); Protective Fire & Casualty Co. v. Woten, 186 Neb. 212, 181 N.W.2d 835 (1970);

State Farm Mutual Automobile Ins. Co. v. Murphy, 226 Ga. 710, 177 S.E.2d 257 (1970); Moore v. Hartford Fire Ins. Co. Group, 270 N.C. 532, 155 S.E.2d 128 (1967); Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389, 241 A.2d 112 (1968); Sturdy v. Allied Mutual Ins. Co., 203 Kan. 783, 457 P.2d 34 (1969); Patton v. Safeco Ins. Co. of America, 267 N.E.2d 859 (App.Ct. of Ind.1971); Simpson v. State Farm Mutual Automobile Ins. Co., 318 F.Supp. 1152 (U.S.Dist.Ct., S.D.Ind. 1970); Meridian Mutual Ins. Co. v. Siddons, 451 S.W.2d 831 (Ct. of App. of Ky. 1970); Morelock v. Millers' Mutual Ins. Ass'n, 125 Ill.App.2d 283, 260 N.E.2d 477 (1970); Sparling v. Allstate Ins. Co., 249 Or. 471, 439 P.2d 616 (1968); Smith v. Pacific Automobile Ins. Co., 240 Or. 167, 400 P.2d 512 (1965); Aldcroft v. Fidelity & Casualty Co. of New York, 259 A.2d 408 (S.Ct. of R.I.1969); Curran v. State Auto. Mutual Ins. Co., 25 Ohio St.2d 33, 266 N.E.2d 566 (1971); American Mutual Ins. Co. v. Romero, 428 F.2d 870 (10th Cir. 1970); Harthcock v. State Farm Mutual Automobile Ins. Co., 248 So.2d 456 (S.Ct. of Miss.1971); Transportation Ins. Co. v. Wade, 11 Ariz.App. 14, 461 P.2d 190 (1970); Geyer v. Reserve Ins. Co., 8 Ariz. App. 464, 447 P.2d 556 (1969); Safeco Ins. Co. of America v. Robey, 399 F.2d 330 (8th Cir. 1968).

The following cases support the minority view as set forth in the second rule quoted from 28 A.L.R.2d, supra: Burcham v. Farmers Insurance Exchange, 255 Iowa 69, 121 N.W.2d 500 (1963); Vignali v. Farmers Equitable Ins. Co., 71 Ill.App.2d 114, 216 N.E.2d 827 (1966); Lott v. Southern Farm Bureau Casualty Ins. Co., 223 So.2d 492 (Ct. of App.La.1969); Putnam v. New Amsterdam Casualty Co., 110 Ill.App.2d 103, 249 N.E.2d 159 (1969); M. F. A. Mutual Ins. Co. v. Wallace, 245 Ark. 230, 431 S.W.2d 742 (1968); Russell v. Paulson, 18 Utah 2d 157, 417 P.2d 658 (1966); Maryland Casualty Co. v. Howe, 106 N.H. 422, 213 A.2d 420 (1965); State Farm Mutual Automobile Ins. Co. v. Bafus, 77 Wash.2d 720, 466 P.2d 159 (1970).

We have carefully read each of the decisions cited above and find it difficult to reconcile the opposite results reached by the two lines of authorities. However, we are most impressed by the reasoning utilized by the courts in the first line of cases cited above which support the trial court's judgment and the position taken by appellees here.

■ We think, therefore, that Texas should join those jurisdictions which have construed their uninsured motorist liability coverage statutes as meaning that the "other insurance" provisions of liability insurance policies cannot be utilized to limit the recovery of actual damages caused by an uninsured motorist.

Our law was obviously enacted by our Legislature for the benefit of the innocent victim of a financially irresponsible motorist. It should be liberally construed to fully accomplish that purpose. By enacting the law the Legislature did not attempt to fix any maximum limit of recovery but merely established a minimum requirement. The statute is plain in its direction that each policy of insurance issued must contain uninsured motorist protection in minimum amounts, without qualification, and it necessarily follows that any attempt on the part of an insurer to limit the effect of such provision must be held to be in derogation of the statute itself. It would be unconscionable to permit insurers to collect a premium for a coverage which they are required by statute to provide, and then to avoid payment of a loss because of language of limitation devised by themselves. Simpson v. State Farm Mutual Auto. Ins. Co., 318 F.Supp. 1152 (So.Dist. of Ind. 1970).

We think that the decision of the Supreme Court of Florida in 1966 in the case of Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689, in construing the uninsured motorist statute of Florida, F.S. § 627.0851, F.S.A., and being almost identical with our Texas statute, contains the most pertinent analysis of the question.

The court there said:

"It appears to us that the statute expresses the statutory requirements both as to coverage to be provided by the insurer, and as to its sources of recovery of insurance protection it paid from other persons, including other insurers legally responsible for the bodily injury to insureds, to the exclusion of inconsistent language inserted in an automobile liability policy. There appears no latitude in the statute for an insurer limiting its liability through 'other insurance'; 'excess-escape' or 'pro rata' clauses, as attempted in Condition 5. If the statute is to be meaningful and controlling in respect to the nature and extent of the coverage and to the sources of recovery and subrogation of the insurer, all inconsistent clauses in the policy to the controlling statutory language such as are contained in Condition 5 must be judicially rejected."

\* \* \* \* \* \*

"Our views herein are predicated upon our construction of § 627.0851. We consider that it provides for a limited type of compulsory automobile liability coverage. It appears to require coverage for bodily injury caused by the negligence of a uninsured motorist to the extent of specific limited amounts. It does not permit 'other insurance' clauses in the policy which are contrary to the statutorily limited amounts of coverage. It is clear that the statute does not limit an insured only to one $10,000 recovery under said coverage where his loss for bodily injury is greater than $10,000 and he is the beneficiary of more than one policy issued under § 627.0851. The statute is designed to protect the insured as to his actual loss within such limits, but being of statutory origin it is not intended that an insured shall receive more from such coverage than his actual loss, although he is the beneficiary under multiple policies issued pursuant to F.S. § 627.0851, F.S.A. \* \* \*"

In the light of these authorities we hold (1) that our uninsured motorist statute sets a minimum amount of coverage but it does not place a limit upon the total amount of recovery so long as that amount does not exceed the amount of actual loss; (2) that where the loss exceeds the limits of one policy, the insured may proceed under other available policies; (3) and that where uninsured motorist coverage has been provided, we cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving the benefit of that coverage.

We do not mean to imply that injured parties may be permitted to pyramid separate insurance coverages as to recover more than the actual loss. Such a ruling is not necessary to the decision in this case and we do not make it. Here the parties have stipulated that the actual loss is at least $14,000 and the appellees, having recovered the sum of $4,000 from one insurance carrier, should be permitted to recover the additional sum of $10,000 from appellant.

We have carefully examined all of the points advanced by appellant and find no reversible error reflected in any of them and they are therefore overruled.

The judgment of the trial court is affirmed.