495 P.2d 252 (1972)
Charles N. THOMPSON, Sr., Plaintiff-Appellant,
v.
CERTIFIED INDEMNITY COMPANY, a Colorado corporation, Defendant-Appellee.
No. 70-680.
Colorado Court of Appeals, Div. II.
January 25, 1972.
Rehearing Denied February 15, 1972.
Certiorari Granted April 10, 1972.
*253 Bruce Kistler, Denver, for plaintiff-appellant.
Duane O. Littell, I. Thomas Bieging, Denver, for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
Plaintiff appeals from judgment of the trial court awarding plaintiff a limited recovery in his action to enforce defendant's contractual obligations under the uninsured motorist coverage in its policy of insurance.
On August 24, 1968, the plaintiff was driving an automobile owned by his son, Charles N. Thompson, Jr., and was involved in an accident with a LeRoy A. Duran.
The plaintiff was the principal named insured under an automobile insurance policy issued by Alliance Mutual Insurance Company on his automobile. The automobile being used by the plaintiff was covered by a policy issued to the plaintiff's son by the defendant, Certified Indemnity Company.
As protection against uninsured motorists, the Certified Indemnity Company policy provided in relevant part, as follows:
". . . if the insured [the plaintiff as found by the trial court] has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."
The Alliance policy contained essentially the same clauses. Both policies carried a $10,000 per person limit of liability under these provisions.
The plaintiff made claim under his policy with Alliance Mutual Insurance Company and accepted $7,000 in settlement.
The plaintiff also sought recovery under the uninsured motorist provisions of his son's policy with the Certified Indemnity Company. This claim was denied by defendant and the litigation giving rise to this appeal was commenced.
The trial court found that Charles N. Thompson, Sr., was an insured under the Certified Indemnity Company policy, that at the time of the accident LeRoy A. Duran was an uninsured motorist, and that as an actual and proximate cause of Duran's negligence plaintiff suffered damages in the amount of $12,000. The trial court subtracted the $7,000 settlement with Alliance from Certified's $10,000 limit of liability and entered judgment against the defendant for the $3,000 difference. Plaintiff asserts error in this ruling and appeals. We agree and reverse.
The extent of Certified's liability depends upon the applicability of the "other insurance" provisions in both policies. Under the terms of their respective contracts, Certified, as the insurer of the automobile used by plaintiff, is the "primary" or "pro rata" insurer and Alliance is the "excess" insured. Whitmire v. Nationwide Mutual Insurance Co., 254 S.C. 184, 174 S.E.2d 391; Safeco Insurance Co. v. Pacific Indemnity Co., 66 Wash.2d 38, 401 P.2d 205.
As primary insurer Certified is liable for all damages up to its $10,000 limit unless, under the pro rata clause, the insured has "other similar insurance available." We agree with the statement in Burcham v. Farmers Insurance Exchange, 255 Ia. 69, 121 N.W.2d 500, that:
"[W]here the insurance companies would be both liable except for the other, the excess-escape clause policy should be held to be not other similar insurance to the policy containing the pro rata clause,. . . ."
See also Whitmire v. Nationwide Mutual Insurance Co., supra; Vignali v. Farmers Equitable Insurance Co., 71 Ill.App.2d 114, 216 N.E.2d 827. The underlying principle is that coverage under an excess or excessescape clause is effective only as to excess and thus is not "other similar insurance available." Therefore, the pro rata clause *254 is inapplicable. Putnam v. New Amsterdam Casualty Co., 48 Ill.2d 71, 269 N.E.2d 97.
The fact of payment by Alliance does not alter the nature of its liability as excess insurer under the terms of its contract, nor does it alter the nature of the liability of Certified as the primary insurer. The settlement can only represent Alliance's estimate of the excess due beyond coverage, if any, by Certified. Under the Burcham analysis, regardless of when payment is made or when determination of Certified's coverage is reached, Alliance's liability exists only as "excess" to any other insurance and is therefore not similar to primary insurance.
Defendant contends that under the principle of "stacking" duplication of recovery under two or more separate policies is prohibited and that therefore the amount of the settlement made with Alliance by plaintiff limits defendant's liability. As between the plaintiff and Certified, however, the plaintiff should receive the benefit resulting from his ultimately advantageous settlement with Alliance. Cases cited by Certified as authority for limiting Certified's liability to avoid "stacking" do not support its position. Some hold that, when applicable limits on both policies are the same, the insured may not make a double recovery by recovering from the excess insurer after recovering from the primary insurer. E. g., State Farm Mutual Automobile Insurance Co. v. De La Cruz, 283 Ala. 167, 214 So.2d 909. Other cases deny double recovery from the same company. E. g., Martin v. Christensen, 22 Utah 2d 415, 454 P.2d 294.
The judgment is reversed and the case is remanded with instructions to enter judgment for the plaintiff in the amount of $10,000 plus interest from May 6, 1969, the date plaintiff's complaint was filed.
DWYER and PIERCE, JJ., concur.