### No. C-227

**Certified Indemnity Company, a Colorado corporation v. Charles N. Thompson, Sr.**

(505 P.2d 962)

Decided January 22, 1973.          Rehearing denied February 13, 1973.

Duane O. Littell, Peter F. Jones, for petitioner.

Bruce Kistler, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Certiorari was granted to review the decision of the Court of Appeals in *Thompson v. Certified Indemnity Company,* 30 Colo. App. 388, 495 P.2d 252, reversing a judgment of the trial court granting Certified Indemnity Company's (petitioner) motion for partial summary judgment. We agree with the holding of the Court of Appeals and affirm its judgment.

I.

There are no controverted issues of fact. Charles N. Thompson, Sr., respondent, while using his son's automobile, was seriously injured as the result of the negligence of an uninsured motorist. The present action was instituted to recover damages for those injuries. The controversy stems

from the fact that Thompson, Sr. was an "insured" under two automobile liability policies — one issued by Alliance Mutual Casualty Company to himself as the *named* insured and the other issued by the petitioner to Thompson, Jr., the son of the respondent, as the *named* insured, but which by definition included the respondent as an insured. Both policies had 10/20 thousand dollar liability limits for uninsured motorists.

Both insurance policies contained substantially the same provisions relating to "other insurance." These will be discussed in Part III, infra.

Prior to the filing of the present lawsuit, Alliance Mutual Casualty Company discharged whatever liability to respondent it may have had by settlement in the amount of $7,000.

The trial court found that respondent's total damages were $12,000, and entered summary judgment against the petitioner for $3,000, allowing petitioner to set off against its maximum liability of $10,000 the $7,000 paid the respondent by Alliance.

## II.

The Court of Appeals in reversing the trial court held, as a matter of law, that the petitioner was the *primary* insurer and, by reason thereof, liable to the insured motorist up to the limit of its policy — $10,000, and further held that Alliance was the "excess" insurer. The Court of Appeals, in effect, held that the acknowledgment of liability by Alliance and its settlement with the respondent had no effect upon the liability of the petitioner to the respondent.

In its petition for writ of certiorari, Certified Indemnity Company stated the question for review in this manner: "Where an insured motorist under the provisions of two separate insurance contracts is injured by an uninsured motorist, may he recover uninsured motorist benefits from both insurance companies as if they both were primary insurers, when the provisions of both policies prevent such a double recovery?"

We do not believe that the issue as framed by the petitioner can be answered in the proceedings before us.

Alliance is not a party to this litigation; the interpretation it placed on the terms of its policy which prompted it to pay respondent $7,000 is not a matter of record here, but if it were, it would not necessarily bind this court.

▮ The only issue before us is the correctness of the Court of Appeals' conclusion that the petitioner, as the insurer of the *involved* automobile, is liable as the sole *primary* insurer, rather than Alliance being a co-equal primary insurer as a consequence of its being the *insurer of the occupant* of the involved automobile. As above indicated, we hold that the company insuring the owner of the *involved automobile,* the petitioner, is the primary insurer, and, under the circumstances here, liable up to the maximum limits of its coverage. Alliance is the "excess" insurer.

### III.

The petitioner, by the terms of its policy, agrees with the named insured that, as to damages for bodily injury caused by uninsured motorists, it will pay all sums which the *insured* shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile.

" 'Insured' means:

"(1) the named insured as stated in the policy (herein also referred to as the 'principal named insured') and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either;

"(2) any other person while *occupying* an insured automobile; . . ." (Emphasis added.)

" 'Insured automobile' means an automobile:

"(1) described in the schedule as an insured automobile to which the bodily injury liability coverage of the policy applies;"

The trial court found, and there is no dispute, that the automobile involved in the accident was insured by the petitioner and that Thompson, Sr., was using it with the permission of his son and was an "insured" under the terms of the definition contained in the policy.

▮ Petitioner seeks to reduce the extent of its liability on

the basis of the "other insurance" provision in its policy. It reads:

"With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

We believe this provision is applicable only when those who fall within the definition of an insured are injured while occupying an automobile *not* owned by the *principal named insured.* In the present factual context this provision would apply to a situation where the principal named insured, Thompson, Jr., his spouse, members of his household and those who come under the definition of "insured" are injured by an uninsured motorist while occupying a car "not owned" by Thompson, Jr. In such a situation the coverage under Thompson, Jr.'s policy would be *excess* over any other uninsured motorist's coverage available to those injured. In short, the coverage of the automobile in which they are injured is primary and the coverage on the automobiles which are not involved, such as Thompson, Sr.'s, in the instant case, is "excess." *Whitmire v. Nationwide Mutual Insurance Co.,* 254 S.C. 184, 174 S.E.2d 391; *Safeco Insurance Co. v. Pacific Indemnity Co.,* 66 Wash.2d 38, 401 P.2d 205; *American Automobile Ins. Co. v. Republic Indem. Co.,* 52 Cal.2d 507, 341 P.2d 675; 8 Appleman, *Insurance Law and Practice,* § 4914, p. 400.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.