510 P.2d 458 (1973)
ALLIANCE MUTUAL CASUALTY COMPANY, Plaintiff-Appellee,
v.
Barbara L. DUERSON and Mary W. Duerson, Defendants-Appellants.
No. 72-176.
Colorado Court of Appeals, Div. I.
March 20, 1973.
Rehearing Denied April 10, 1973.
Certiorari Granted June 11, 1973.
Duane O. Littell, Peter F. Jones, Denver, for plaintiff-appellee.
Rector & Melat, Leo W. Rector, Colorado Springs, for defendants-appellants.
Selected for Official Publication.
*459 ENOCH, Judge.
Alliance Mutual Casualty Company (Alliance), plaintiff-appellee, initiated this declaratory judgment action for a determination of its liability, if any, to Barbara L. Duerson and her minor daughter, Mary W. Duerson, defendants-appellants, under the uninsured motorist provisions of its insurance policy. The case was submitted to the trial court on stipulated facts, and defendants appeal from the court's judgment that Alliance had no liability. We reverse that judgment.
This case involves the interpretation of Colorado's uninsured motorist statute, 1965 Perm.Supp., C.R.S. 1963, 72-12-19, and the question of whether "stacking" or "pyramiding" is permissible under the uninsured motorist insurance policy provisions where more than one policy is involved. "Stacking" as used in this case refers to indemnification from two or more insurers, the total amount recovered exceeding the highest of any individual policy limit, but in no case exceeding the total damages sustained, and in no case creating any liability on any insurer in excess of its coverage limit. See Sellers v. United States Fidelity and Guaranty Co., 185 So.2d 689 (Fla.).
In November 1969 Mary was riding as a passenger on a motorcycle owned and operated by Dennis W. Wade. Mary was injured when the motorcycle was struck by a car driven by a third party who had no liability insurance. At the time of the accident there was in effect an automobile liability policy issued to Walter W. Wade, Dennis' father, by State Farm Mutual Auto Insurance Company. This policy included the motorcycle in its coverage and provided uninsured motorist protection for passengers. There was also in effect an automobile liability policy issued by Alliance to Mrs. Duerson affording coverage to Mary while a passenger in another vehicle, and this policy also contained an uninsured motorist provision. The limit of liability in both policies for uninsured motorist coverage was $10,000. State Farm has paid under its policy the full $10,000 to Mrs. Duerson as the guardian of Mary, and State Farm is not involved in this litigation.
The full extent of Mary's damages has not yet been determined, but it was stipulated for purposes of this case that they exceed $10,000. The specific question raised is whether Alliance is liable for any damage in excess of the $10,000 paid by State Farm. We hold that Alliance is liable.
We first address ourselves to the question of the validity in Colorado of "other insurance" clauses when attempted to be used by insurers to limit protection available to innocent victims of uninsured motorists. There is a clear split of authority among other jurisdictions in regard to this issue.
The pertinent provisions of the Alliance policy which are the same as found in the State Farm policy are as follows:
"To pay all sums which the insured or its legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury' sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile;
. . . . . .
"Other insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV [uninsured motorist provision] shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
"Except as provided in the foregoing paragraph if the insured has other similar insurance available to him and *460 applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."
A number of states have held that the intent of their legislature in passing an uninsured motorist statute is to provide only minimal protection up to the statutory lower limit of their financial responsibility statute. The theory is that the injured party should be placed in the same position that he would have been in had the negligent motorist been insured only to the statutory minimum. See, e. g., M.F.A. Mutual Insurance Co. v. Wallace, 245 Ark. 230, 431 S.W.2d 742; Tindall v. Farmers Automobile Management Corp., 83 Ill.App.2d 165, 226 N.E.2d 397; Le Blanc v. Allstate Insurance Co., La.App., 194 So.2d 791; Annot., 28 A.L.R.3d 551.
Other states, in what we consider to be better reasoned opinions, have held that "other insurance" provisions are invalid as contrary to the public policy which their statutes implement. See, e. g., Moore v. Hartford Fire Insurance Co. Group, 270 N.C. 532, 155 S.E.2d 128; Sellers v. United States Fidelity and Guaranty Co., supra; Fidelity and Casualty Co. v. Gatlin, 470 S.W.2d 924 (Tex.Civ.App.); Sturdy v. Allied Mutual Insurance Co., 203 Kan. 783, 457 P.2d 34; Curran v. State Automobile Mutual Insurance Co., 25 Ohio St.2d 33, 266 N.E.2d 566.
It has been held that an uninsured motorist law was enacted for the benefit of insured persons, and the law should be liberally construed in seeking to accomplish that purpose. Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389, 241 A.2d 112; Storm v. Nationwide Mutual Insurance Co., 199 Va. 130, 97 S.E.2d 759, 69 A.L.R.2d 849. Our own legislature has indicated its remedial intent in the "declaration of purpose" to the uninsured motorist statute. The general assembly, "acutely aware" of the bodily and property damage caused by negligent driving, is "very much concerned with the financial loss visited upon innocent traffic accident victims by negligent motorists who are financially irresponsible." The policy of Colorado, clearly stated, is "to assure the widespread availability to the insuring public of insurance protection against financial loss" caused by uninsured motorists. 1965 Perm.Supp., C.R.S.1963, 72-12-20. No reference is made to providing only minimum protection for the innocent victims of negligent uninsured motorists; rather the statute indicates that "financial loss" is the hazard against which insurance protection is to be provided.
In invalidating an "other insurance" clause pertaining to uninsured motorist coverage, the Michigan Court of Appeals said that "[i]t would be unconscionable that insurers collect a premium for a coverage which they are required by statute to provide, and then avoid payment of a loss because of language of limitation devised by themselves." Boetner v. State Farm Mutual Insurance Co., 34 Mich.App. 510, 191 N.W.2d 741. The innocent injured party is not to be penalized in deference to an insurance carrier's windfall gain due to the fortuitous circumstance of the victim's being eligible for other coverage at the time of the accident.
It was reasoned in Smith v. Pacific Automobile Insurance Co., 240 Or. 167, 400 P.2d 512, that if each of two insurers could contract away its liability where other coverage was available, the result would be no coverage at all, since each carrier would point to the liability of the other. No recovery to an innocent victim could result, particularly where the limits of the primary carrier were absorbed by the more quickly perfected claims of others who were involved in the same accident. This result occurred in Travelers Indemnity Co. v. Wells, 4 Cir., 316 F.2d 770, but the rule allowing this result was quickly vitiated by the Supreme Court of Appeals of Virginia *461 in Bryant v. State Farm Mutual Automobile Insurance Co., 205 Va. 897, 140 S.E.2d 817. In that case the court ruled that the primary insurance was "unavailable" to the uncompensated victims where other claimants had already exhausted the policy limit and, in any event, the "other insurance" clause was in conflict with the statutory requirement and thus allowed recovery from the second or excess insurer.
Even if the "other insurance" clause were to be considered not in violation of legislative intent, Alliance would nevertheless be liable in this case for the damages in excess of the amount paid by State Farm for the following reason.
Our Supreme Court has held that the insurer of the vehicle in which the injured party was riding at the time of the accident is the "primary" insurer and that the insurer of the injured party's own vehicle not involved in the accident is the "excess" insurer. Certified Indemnity Co. v. Thompson, Colo., 505 P.2d 962 (1973). Therefore, State Farm is the primary insurer and Alliance is the excess insurer in the case at hand.
Under paragraphs [2] and [3] of the policy set forth above, both insurers have attempted to limit their individual liability when there is "other similar insurance available." Without any limitational provisions, each insurer clearly would be liable under paragraph [1] regardless of other insurance being available "to pay all sums" up to the limits of its policy. Paragraph [2] contains typical "excess-escape" language, while paragraph [3] provides for a "pro-rata" distribution of indemnity costs between similar insurers with a maximum recovery not to exceed the higher limit of any one policy. This court has indicated, however, that where the insurers would both be liable individually in the absence of the other, the "excess" insurer's policy is not "other similar insurance" to that of the "primary" insurer's policy. Thompson v. Certified Indemnity Co., 30 Colo.App. 388, 495 P.2d 252. Thus, the parties to the policies, have not contracted away defendants' right to "stacked" indemnification for injuries caused by liable uninsured motorists.
We hold that defendants, in addition to the recovery from State Farm, have a claim against Alliance up to the limit of the policy, but total recovery may not exceed such damages as the insured "shall be legally entitled to recover" pursuant to the policy.
Judgment reversed.
COYTE and SMITH, JJ., concur.